JACOB GLOS

*v.*

SAMUEL H. WHEELER.

*Opinion filed October 23, 1907.*

1. REGISTRATION OF TITLE—*applicant must show title as against the world.* An applicant for registration of title must show title in himself good as against the world, and proof of *prima facie* title is not sufficient.

2. LIMITATIONS—*color of title, possession and payment of taxes must concur.* To establish title by limitation under section 6 of the Statute of Limitations, the proof must show color of title, payment of taxes for seven successive years by the holder of such title or some one acting for him, and continuous, uninterrupted possession for the full period of the seven years; and all three conditions must exist concurrently, without interruption, and continue throughout the full period.

3. SAME—*what proof does not show possession for seven years.* Possession of land is not shown by proof of the recording of the deed and making entries in books with reference to the property; nor is seven years' possession shown by proof that a house was built on the land by the holder of the color of title, which the witness had occupied for five years, where there is no other proof as to when the house was built or whether any other person ever occupied it.

4. EVIDENCE—*abstract of title is not admissible without proper preliminary proof.* An abstract of title is not admissible in evidence in a proceeding to register title unless proper preliminary proof is made that the original deed or conveyance sought to be availed of is lost or destroyed or beyond the power of the applicant to produce it, and that the record thereof has been destroyed by fire or otherwise.

5. SAME—*what is not sufficient preliminary proof.* Testimony of a witness in a proceeding to register title in Cook county that he had ordered an abstract of title from the persons who made it, subsequent to the Chicago fire of 1871, and that it was a merchantable abstract, is not sufficient preliminary proof to entitle the abstract to admission in evidence in a proceeding to register title.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. C. G. NEELY, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

CHARLES R. NAPIER, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Samuel H. Wheeler, defendant in error, filed his application on May 3, 1902, to register title to certain lands in Cook county under the act concerning land titles. The property is described as lot 35 in sub-block 2 in the subdivision of blocks 7 to 11 in Seymour estate subdivision of the west half of the north-west quarter of section 2, town 39, north, range 13, east of the third principal meridian, in Cook county, Illinois. The application alleges that defendant in error is the owner of the fee simple of the premises, that the land is occupied by Catherine C. Sullivan and her husband under a contract of sale from defendant in error, and that no other person is interested in the premises except Jacob Glos, plaintiff in error herein, who holds a tax deed on the premises. Plaintiff in error answered, denying that defendant in error was the owner or that he was entitled to the relief prayed for, and alleged that he was the owner of the property by virtue of his tax deed. The case was referred to the examiner of titles, with instructions to take the evidence and report the substance thereof, together with his conclusions on the question of title. Before any evidence was taken plaintiff in error requested the examiner of titles to return with his report all

of the evidence upon which the said report would be based. The examiner took the evidence and reported that defendant in error was owner of the premises described in the application and that plaintiff in error held a tax deed, which should be set aside upon the payment to him of the sum of $49.55 within thirty days, and that defendant in error's title was entitled to registration. Objections were filed before the examiner, which were overruled and a decree was entered in accordance with the report, the objections standing before the court as objections to the decree and being also overruled. The case is before this court upon a writ of error.

To entitle the defendant in error to registration of title he must show title in himself good against all the world. *Prima facie* title is not sufficient in a proceeding of this kind. (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Cessna,* 207 id. 69; *Glos* v. *Talcott,* 213 id. 81; *Glos* v. *Holberg,* 220 id. 167.) In order to show such title in himself defendant in error relied upon color of title, payment of taxes and possession, and also upon a chain of title from the United States government. To establish title by limitation under section 6 of the law of 1839 three things are necessary: First, color of title obtained in good faith; second, payment of taxes for the full period of seven years by the holder of such color of title or by some one acting for him; third, continuous and uninterrupted possession for the full period of seven years. These three conditions must exist concurrently, without interruption, and must continue throughout the same seven years. (*Clark* v. *Lyon,* 45 Ill. 388; *Timmons* v. *Kidwell,* 149 id. 507; *Taylor* v. *Lawrence,* 148 id. 388; *Wright* v. *Stice,* 173 id. 571.) Defendant in error offered in evidence a quit-claim deed from Thomas Divens and wife, dated September 3, 1892, which showed color of title. The evidence is insufficient, however, as to possession for the full period of seven years. In response to the question, "In what way did Wheeler take possession

of this lot?" William C. Benson, a witness testifying on behalf of defendant in error, said: "He took possession, he recorded the deed, and he made entries on the books showing what property he owned in the neighborhood of this property and one thing and another." This is not such open and visible possession as the law requires to establish possession under color of title. (*Hubbard* v. *Kiddo,* 87 Ill. 578; *Travers* v. *McElvain,* 181 id. 382; *Stalford* v. *Goldring,* 197 id. 156.) It appears that defendant in error built a house on this lot, but the evidence fails to disclose when he did so. Mrs. Catherine Sullivan, who occupied the property under contract to purchase from defendant in error, testifying in his behalf, stated that she had lived there five years. It does not appear that any one else occupied the property prior to her occupancy. Neither does it appear that the defendant in error paid the taxes for the period of seven years. The property was sold for taxes in 1897, and plaintiff in error paid the taxes in 1898 and in 1899, as is shown by his tax receipt. This constitutes a fatal break in the payment of taxes for a continuous period of seven years, as is required by law. Defendant in error failed to establish his title under the statute.

To establish his chain of title from the United States government, the defendant in error, in addition to the quitclaim deed from Divens, introduced, over objections by the plaintiff in error, an abstract purporting to show title vested in Divens. An abstract of title may only be read in evidence when it is shown by preliminary proof that the original of any deed or conveyance, or other written or record evidence, has been lost or destroyed, or that it is not within the power of the party wishing to use it to produce the same, and the record thereof had been destroyed by fire or otherwise. It must be established that such abstract was made in the ordinary course of business prior to such loss or destruction. In *Glos* v. *Hallowell,* 190 Ill. 65, this court said: "It appears from the record that the examiner to whom

the cause was referred by the court, over special objections made by appellant, allowed appellee to introduce in evidence certain abstracts of title purporting to show abstracts of the record of a number of conveyances of and for said lot, without requiring any preliminary proof that the original deeds so purporting to be shown by the abstract had been lost or destroyed by fire or otherwise, or that it was not in the power of the appellee to produce them, or that the abstract of title had been made in the ordinary course of business, etc., or in any manner complying with the requirements of either section 23 or 24 of chapter 116, (3 Starr & Cur. Stat. 1896, p. 3360,) or with the provisions of section 36 of chapter 30, entitled 'Conveyances.' (1 Starr & Cur. Stat. 1896, p. 955.) * * * Compliance with the provisions of the statute is essential to the admissibility of secondary evidence of deeds. (*Chicago and Alton Railroad Co.* v. *Keegan,* 152 Ill. 413; *Scott* v. *Bassett,* 186 id. 98.) It was therefore error to receive the abstracts of title in evidence over the objection of the appellant." This court made substantially the same ruling in *Walton* v. *Follansbee,* 165 Ill. 480, *Glos* v. *Cessna, supra,* and in *Glos* v. *Talcott, supra.* The evidence shows that the abstract was admitted without a proper foundation having been made by the requisite preliminary proof. The only evidence with reference to the abstract was the statement by W. G. Benson that he ordered it from the parties who made it, subsequent to the fire of 1871, and that it was a merchantable abstract. There was no attempt made to account for the absence of the deeds or of the records. The provisions of the statute were not complied with, and it was error to admit the abstract without such compliance. Without the abstract defendant in error established no chain of title from the United States government.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*