[No. 7401. Decided March 3, 1909.]

## MARCELLUS LARA, *Appellant*, v. FRANK F. SANDELL *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—COMMENCEMENT OF ACTIONS—STATUTES—CONSTRUCTION. An action is commenced at the time the complaint is filed, within the provisions of our statute of limitations.

SAME—PAYMENT OF TAXES—PREREQUISITES. Under Bal. Code, § 5503, the prerequisites to obtain title by adverse possession and payment of taxes are, (1) claim and color of title made in good faith, (2) actual notorious possession for seven successive years, and (3) payment of all taxes assessed during that time.

SAME—COLOR OF TITLE. A void tax deed is sufficient color of title under the seven years statute of limitations with payment of taxes.

SAME—PAYMENT OF TAXES—TIME OF PAYMENT. Bal. Code, § 5503, giving title by adverse possession for seven years, with payment of all taxes "during said time," does not require the lapse of seven years after the first payment of taxes, but only the payment of all taxes assessed during the period of adverse possession.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 7, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to set aside a tax sale and recover possession of real property. Affirmed.

*Samuel S. Langland,* for appellant.
*Peters & Powell,* for respondents.

[1]Reported in 100 Pac. 166.

RUDKIN, C. J.—This action was instituted to recover pos-
session of certain real property in the city of Seattle, and to
set aside a tax sale and tax deed. The property was sold by
the treasurer of King county on the 12th day of September,
1896, for delinquent taxes for the year 1892, and the de-
fendants became the purchasers at the tax sale. On the 21st
day of November, 1899, no redemption from the tax sale
having been made, the treasurer issued his deed to the purchas-
ers. The plaintiff in this action claims title under mesne
conveyances from the record owners, while the defendants
claim title under their tax deed, accompanied by adverse pos-
session and the payment of taxes for the statutory period.
The court made findings of fact and conclusions of law in
favor of the defendants, and entered judgment accordingly.
From this judgment the plaintiff has appealed.

The appellant assails the regularity and validity of the pro-
ceedings leading up to the tax sale, and the sufficiency and
validity of the notice of intention to apply for a tax deed;
but the conclusion we have reached as to one of the defenses
interposed by the respondents renders a consideration of other
questions unnecessary. The complaint in the action was filed
on December 31, 1906, and under repeated rulings of this
court that date marked the commencement of the action in
so far as the statute of limitations or adverse possession is
concerned. *Blalock v. Condon*, 51 Wash. 604, 99 Pac. 733,
and cases there cited.

The court below made the following findings, among others:

"(9) That the plaintiff's complaint was filed in this cause
on the 31st day of December, 1906.

"(10) That from September 26, 1896, up to November
21, 1899, the above described premises were vacant and un-
occupied.

"(11) That the defendants have been continuously from
(about) the 21st day of November, 1899, down to the pres-
ent time, in the actual, open, notorious, exclusive and continu-
ous possession of the above described property under claim of
title based upon their certificate of tax sale of September 12,

1896, and subsequently upon their tax deed of November 21, 1899.

"(12)  That the said defendants upon said tax sale and purchase paid all the taxes levied upon said property from the year 1892 to the year 1896, both inclusive, and have ever since paid all the taxes assessed and levied' thereon, said payment being made under claim and color of title."

These findings are fully sustained by the testimony, and would seem to bring the case within the provisions of Bal. Code, § 5503 (P. C. § 1160), which reads as follows:

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

The necessary prerequisites under this section are:  (1) Claim and color of title made in good faith; (2) actual, open and notorious possession continued for seven successive years; and (3) payment of all taxes legally assessed during that time.  Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations.  *Hamilton v. Witner,* 50 Wash. 689, 97 Pac. 1084, and cases cited.  And we think it clearly appears from the record before us that the respondents were in actual, open, and notorious possession of the lands in controversy, under claim and color of title made in good faith, and that such possession continued for upwards of seven successive years prior to the commencement of the present action.

The appellant contends, however, that the three prerequisites we have mentioned must exist concurrently without interruption, and must continue throughout the entire seven-year period, and that it does not appear that seven years elapsed between the date of the first payment of taxes, under

claim and color of title made in good faith, and the commencement of this action. This contention is based largely on decisions of the supreme court of Illinois, and it must be conceded that under the decisions of that court the period of adverse possession does not commence to run until a tax payment has been made. *Glos v. Wheeler,* 229 Ill. 272, 82 N. E. 234.

This court followed the Illinois cases in *Tremmel v. Mess,* 46 Wash. 137, 89 Pac. 487, in construing Bal. Code, §5504 (P. C. § 1161), which relates to vacant and unoccupied lands; but under that section it is quite manifest that the statute of limitations or adverse possession cannot commence to run until there has been a payment of taxes, for there is nothing else to mark the commencement of the statutory period. It seems to us that this rule should not apply in construing Bal. Code, § 5503 (P. C. § 1160). The only requirement of the latter section is that the adverse possession shall be continued for seven years, and that the occupant shall pay all taxes legally assessed during that time. To hold that seven years of adverse possession is not complete until seven years have elapsed after the first payment of taxes under claim and color of title made in good faith, is to add materially to the language of the statute. The supreme court of California has held, under a similar statute, that the occupant need only pay the taxes legally assessed during the statutory period of adverse possession, and we think this construction is in entire harmony with the language of the statute, and should be adopted here. *Brown v. Clark,* 89 Cal. 196, 26 Pac. 801; *Allen v. McKay,* 120 Cal. 332, 52 Pac. 828.

We are therefore of the opinion that the defense of adverse possession under claim and color of title made in good faith, accompanied by the payment of all taxes legally assessed, was fully made out, and the judgment is affirmed.

FULLERTON, CHADWICK, MOUNT, CROW, GOSE, and DUNBAR, JJ., concur.