[No. 8316.    Department One.    March 25, 1910.]

BARBARA HUBER, *Appellant*, v. A. L. BROWN *et al.*, *Respondents.*[1]

TAXATION—TAX DEEDS—REQUISITES. A tax deed is not void on its face, where it is in the statutory form, recites the tax proceedings before the sale, and expresses the consideration in the language of the statute.

SAME—EXECUTION BY DEPUTY—VALIDITY. Under Rem. & Bal. Code, § 3939, empowering county treasurers to appoint one or more deputies, a deputy has power to execute a tax deed required by statute to be executed by the county treasurer.

SAME—ACKNOWLEDGMENT. The statute does not require a tax deed to be acknowledged.

SAME—TAX DEEDS—ACTION TO SET ASIDE—LIMITATIONS. A tax deed based upon a void judgment is within the protection of the statute of limitations requiring actions to cancel a tax deed to be commenced within three years after the date of the deed.

Appeal from a judgment of the superior court for King county, Main, J., entered April 18, 1909, upon sustaining a

[1]Reported in 107 Pac. 850.

demurrer to the complaint, dismissing an action to vacate a tax judgment and deed. Affirmed.

*Chauncey L. Baxter* and *John R. Wilson,* for appellant.
*Kenneth Mackintosh,* for respondents.

GOSE, J.—This action was brought to vacate a tax judgment, and to set aside a tax deed executed upon a sale of real estate made pursuant to the judgment. The land was sold at a tax foreclosure sale on the 17th day of September, 1904, and the treasurer's deed was executed and filed for record on the same day. This action was commenced on the 26th day of December, 1908, four years and three months after the execution and filing of the tax deed, and more than one year after the passage and taking effect of the law of 1907 (Rem. & Bal. Code, § 162). The service was by publication, and certain facts are alleged in the complaint which the appellant asserts disclose a want of jurisdiction in the court to enter the tax judgment. The defendants demurred to the complaint on two grounds, viz., (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that the action was not commenced within the time limited by law. The demurrer was sustained and, the plaintiff electing to stand upon her complaint, a judgment of dismissal and for costs was entered in favor of the defendants, from which she has appealed.

The duty of a county treasurer who has sold real estate upon a tax judgment is prescribed in Laws 1899, p. 299, § 18, as follows:

"The county treasurer shall execute to the purchaser of any piece or parcel of land a tax deed. The deed so made by the county treasurer, under the official seal of his office, shall be recorded in the same manner as other conveyances of real estate, and shall vest in the grantee, his heirs and assigns the title to the property therein described, without further acknowledgment or evidence of such conveyance and shall be substantially in the following form."

The respondents contend that the action is barred by the provisions of Laws 1907, page 398, which provide that such actions must be commenced within three years from and after the date of the execution of the treasurer's deed, provided that in actions not otherwise barred on deeds theretofore issued the act shall not apply if the action be commenced within one year after the passage of the act. Rem. & Bal. Code, § 162. The act was approved by the governor March 15, 1907.

The appellant first insists that the treasurer's deed is void upon its face, and that therefore the statute is inapplicable. Numerous authorities are cited which support the contention that a tax deed void upon its face is not such a deed as the statute contemplates, and that the statute does not operate as a bar to an action to set aside such a deed. The deed is executed in the form prescribed by the statute. Three objections are urged against its validity, (1) that the only consideration expressed in the deed is "in consideration of the premises;" (2) that the deed is executed by a deputy in the name of the treasurer; and (3) that the deed was not acknowledged. None of these objections are tenable. The deed, as we have stated, is in the statutory form, recites the tax proceedings anterior to the sale, and expresses the consideration in the language of the statute. This meets the requirements of the law. 10 Ballard, Law of Real Property, § 767; *Ward v. Huggins,* 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285.

Upon the second objection, the law is that a regular deputy of the principal officer has authority to execute a tax deed, either in the name of the principal or in his own name as deputy. 7 Am. & Eng. Ency. Law (2d ed.), 962. The same principle is announced in *State v. Devine,* 6 Wash. 587, 34 Pac. 154. The code, Rem. & Bal. Code, § 3939, empowers county treasurers to appoint one or more deputies. A tax deed executed in conformity to the statute conveys title without being acknowledged. *Ellis v. Clark,* 39 Fla. 714, 23

South. 410; 27 Am. & Eng. Ency. Law (2d ed.), 964. Finding that the deed is fair upon its face, we will not consider whether a void deed is within the protection of the statute.

The point is made that the published summons and the affidavit upon which it is based are so defective that the court did not acquire jurisdiction, and that the judgment is therefore void, and that a tax deed based upon a void judgment is not within the protection of the statute. This is no longer an open question in this state. A like question was made in *Hamilton v. Witner*, 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921, and in *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166. In the *Lara* case we said:

"Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations."

In these cases the court was considering the seven-year statute of limitations, but we do not conceive that a different principle should obtain in applying the provisions of the act of 1907, which is special to tax deeds and general in its terms. Its purpose was to foreclose investigation as to the validity of the proceedings leading up to the judgment unless challenged within the time limited by the act. The precise question was raised in *Cordiner v. Dear*, 55 Wash. 479, 104 Pac. 780. Whilst this question was not discussed in the opinion, it was assumed that the law was settled in this jurisdiction adversely to the appellant's contention. The act of 1907 would serve no purpose if limited to deeds executed on sales regularly made upon valid judgments only. Such deeds need no legislative aid.

The treasurer's deed being fair upon its face, and the action having not been commenced within one year after the passage of the act of 1907, the demurrer was well taken, and the judgment is affirmed.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., concur.