[No. 9472. Department Two. August 3, 1911.]

H. R. BAYLIS *et al., Appellants*, v. H. S. KERRICK *et al., Respondents.*[1]

TAXATION—TAX TITLES—ACTIONS TO VACATE—LIMITATION OF ACTIONS. An action to cancel a tax deed is barred within three years by Rem. & Bal. Code, § 162, although the tax judgment on which it was based was void for want of jurisdiction.

ALTERATION OF INSTRUMENTS—ERASURES—PRESUMPTIONS. An erasure or alteration in a tax deed will be presumed to have been made by the public officer in performance of his duties before execution and delivery of the deed, in the absence of any explanation.

[1]Reported in 116 Pac. 1082.

Appeal from a judgment of the superior court for Island county, Still, J., entered July 14, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title. Affirmed.

*Charles R. Crouch*, for appellants.

*James Zylstra*, for respondents.

CROW, J.—This action was commenced on January 24, 1910, by H. R. Baylis and wife against H. S. Kerrick and wife, to quiet title to forty acres of land in Island county. The defendants denied plaintiffs' alleged title and ownership, and for affirmative answer alleged, that on April 19, 1902, the treasurer of Island county executed and delivered to Island county a tax deed regular in form for the forty acres and other lands, in pursuance of general tax foreclosure proceedings; that on February 25, 1903, Island county, by its treasurer, sold and conveyed the forty acres to defendant H. S. Kerrick, who has since been owner of the fee simple title, entitled to possession, and has paid all taxes for the years 1903 to 1908, inclusive; that prior to the commencement of this action, plaintiffs had notice of defendants' claim and title; that their action is in effect one to set aside and cancel a tax deed; and that it was not commenced within the time limited by law. From a judgment of dismissal, the plaintiffs have appealed.

The trial judge entered the order of dismissal on the sole theory that this is an action to set aside and cancel a tax deed, and is barred by the statute of limitations, Rem. & Bal. Code, § 162. Appellants contend the foreclosure upon which the tax sale and deed are predicated is absolutely void as to the land here involved, in that its description was not included in the summons, the claim for judgment, or the judgment itself. The tax deed is regular in form, describes the land, was executed some eight years prior to the commencement of

this action, was recorded two days after its execution, and purports to convey to the county a tax title for the forty-acre tract and other lands. No substantial dispute is made upon the facts. The vital question presented is whether at any time after the statute has run as against the tax deed, a former owner may indirectly attack and avoid the deed by questioning the regularity and validity of the foreclosure proceedings, the deed itself being regular in form. This question has been determined in respondents' favor by this court in *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850, where we said:

"The point is made that the published summons and the affidavit upon which it is based are so defective that the court did not acquire jurisdiction, and that the judgment is therefore void, and that a tax deed based upon a void judgment is not within the protection of the statute. This is no longer an open question in this state. A like question was made in *Hamilton v. Witner*, 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921, and in *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166. In the *Lara* case we said: 'Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations.' In these cases the court was considering the seven-year statute of limitations, but we do not conceive that a different principle should obtain in applying the provisions of the act of 1907, which is special to tax deeds and general in its terms. Its purpose was to foreclose investigation as to the validity of the proceedings leading up to the judgment unless challenged within the time limited by the act. The precise question was raised in *Cordiner v. Dear*, 55 Wash. 479, 104 Pac. 780. Whilst this question was not discussed in the opinion, it was assumed that the law was settled in this jurisdiction adversely to the appellant's contention. The act of 1907 would serve no purpose if limited to deeds executed on sales regularly made upon valid judgments only. Such deeds need no legislative aid."

Some contention is made to the effect that an erasure appears on the face of the original deed executed and delivered by the treasurer to Island county. No evidence explanatory

of the alleged erasure was offered. The deed was recorded on April 21, 1902, two days after its execution. No erasure appears on the official record. No fraud has been suggested, nor has the deed or its record been attacked at any time prior to the commencement of this action. The original instrument is before us as an exhibit. All of its written portions, including figures written over the alleged erasure, appear to be in the same ink and handwriting. It was executed and delivered by a public officer in discharge of his official duties. In the absence of evidence to the contrary, it will be presumed the alteration, if any, was made by him befor execution and delivery, to correct some mistake. A public officer, having no personal interest in the transaction or the instrument in question, will be presumed to have acted lawfully in the proper discharge of his duty. 2 Cyc. 242; *Northwestern Mortgage Trust Co. v. Levtzow*, 23 S. D. 562, 122 N. W. 600.

Appellants argue that, if the respondents are permitted to prevail herein, a treasurer might issue a tax deed without the entry of any foreclosure decree; that it would be within his power to fraudulently deprive an innocent party of title to his real estate should the three-year statute run before the true owner learned of the existence of the tax deed, which the grantee named therein might withhold from the records. We have no such chain of circumstances before us. It is conceded the appellants failed to pay taxes on their land for many years prior to the commencement of this action, although they did pay taxes for 1909, before the respondents could do so. They knew the law, and must have been aware of the fact that nonpayment for such a length of time would cause a loss of their land by tax foreclosure and sale. By their present contentions they seek to avoid the effect of the statute of limitations by questioning the validity of the tax judgment. This they cannot now do. If the judgment was valid and the tax deed was regular, there would be no need of the statute, which was enacted for the manifest purpose of

securing prompt action by parties wishing to set aside or cancel tax deeds.

The judgment is affirmed.

DUNBAR, C. J., ELLIS, CHADWICK, and MORRIS, JJ., concur.