[No. 9903.  Department Two.  January 23, 1912.]

IVA F. FLEMING, *Appellant*, v. J. W. STEARNS, *Respondent*.[1]

TAXATION—TAX DEED—ACTION TO SET ASIDE—LIMITATIONS. An action to set aside a tax judgment title on the ground that the tax foreclosure judgment was fraudulently obtained and entered without jurisdiction, and that plaintiff did not know of the fraud until shortly before the commencement of the action, is barred, if it is not commenced within three years from the date of the deed, by Rem. & Bal. Code, § 162, requiring actions to set aside tax deeds to be commenced within such time.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 30, 1911, upon granting a nonsuit, dismissing an action to set aside a tax deed. Affirmed.

*Roche & Onstine* and *F. W. Girand*, for appellant.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for respondent.

CROW, J.—For several years prior and subsequent to 1897, the plaintiff, Iva F. Fleming, and T. M. Fleming, her husband, who held the record title, owned certain real estate, in the city of Spokane, upon which they failed to pay taxes for the years 1897 to 1901, inclusive.  On June 9, 1903, the treasurer of Spokane county issued a certificate of delinquency to the defendant J. W. Stearns.  On October 26, 1903, Mr. Stearns, represented by the deputy prosecuting attorney of Spokane county, instituted a foreclosure proceeding on the certificate, and filed with the clerk of the superior court the sheriff's return of not found, and an affidavit of nonresidence of the defendants.  Thereafter publication of summons was made, default and decree of foreclosure were entered, and the property was sold and conveyed to J. W. Stearns, by a tax deed executed and delivered on September 25, 1904.  On July 22, 1910, Iva F. Fleming, by decree of the superior

[1]Reported in 120 Pac. 522.

court of Spokane county, was divorced from her husband, T. M. Fleming, and awarded the real estate. Shortly thereafter she commenced this action against the defendant, J. W. Stearns, to vacate and set aside the foreclosure decree. The defendant pleaded the statute of limitations. On the trial, a nonsuit and order of dismissal were entered, from which the plaintiff has appealed.

The trial court held that the substantial purpose of this action was to set aside and cancel the tax deed, and that it was barred by the statute of limitations. Rem. & Bal. Code, § 162. Appellant, however, insists that the foreclosure decree and tax deed were fraudulently obtained; that she and her husband were at all times residents of the city of Spokane; that the affidavit of nonresidence was falsely and fraudulently made; that the court never obtained jurisdiction of her or her husband; that they did not appear; that she did not discover the fraud until the commencement of her action for divorce; that the defendant Stearns has at all times since the tax sale been a nonresident, and absent from the state of Washington; that personal service of summons could not be made upon him, and that the running of the statute of limitations has been tolled by his absence from the state. The trial court admitted all evidence which the appellant offered. We conclude that it was insufficient to support her allegations of fraud, or to show that respondent has been a nonresident of, or continually absent from, this state. It does show that, although he has been absent a portion of the time, in search of health and for business reasons, he has, during each summer season, been in Spokane where he could have been personally served with summons. The affidavit of nonresidence was made by the deputy prosecuting attorney, who in the discharge of his official duties was required to represent respondent in the tax foreclosure. T. M. Fleming's name appeared in the city directory as Treat M. Fleming, but it was not shown that respondent or the deputy prosecuting attorney, who made the affidavit, knew that

T. M. Fleming and Treat M. Fleming were one and the same person. There is no evidence that either the respondent or his attorney acted in bad faith or with fraudulent intent. These findings would sustain the final judgment upon any theory of the case.

But we are clearly of the opinion that, under § 162, *supra*, the action is barred, as held by the trial judge. This, in effect, is an action to set aside and cancel a tax deed. To avoid the operation of the statute, appellant goes back of the tax deed, and attacks the judgment on which it rests, claiming fraud, want of jurisdiction, and invalidity of the decree. This she cannot do. *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick*, 64 Wash. 410, 116 Pac. 1082. In *Baylis v. Kerrick*, *supra*, after quoting at length from the case of *Huber v. Brown*, *supra*, we said:

"It is conceded the appellants failed to pay taxes on their land for many years prior to the commencement of this action, although they did pay taxes for 1909, before the respondents could do so. They knew the law, and must have been aware of the fact that nonpayment for such a length of time would cause a loss of their land by tax foreclosure and sale. By their present contentions they seek to avoid the effect of the statute of limitations by questioning the validity of the tax judgment. This they cannot now do. If the judgment was valid and the tax deed was regular, there would be no need of the statute, which was enacted for the manifest purpose of securing prompt action by parties wishing to set aside or cancel tax deeds."

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and ELLIS, JJ., concur.