[No. 10616.  Department Two.  May 24, 1913.]

## J. B. DABNEY, *Appellant*, v. J. O. STEARNS *et al.*, *Respondents.*[1]

APPEAL—REHEARING.  A rehearing will be granted where it appears that a statement of facts duly prepared and filed was, by inadvertence and without appellants' fault, not sent up or considered on the original hearing, by reason whereof the judgment was affirmed.

TAXATION — FORECLOSURE — NECESSARY PARTIES — OWNERS—SUMMONS.  A tax foreclosure being a proceeding *in rem*, service of summons upon a corporation appearing upon the tax rolls as owner of the property, and also by publication in accordance with Rem. & Bal. Code, § 227, when such company disclaimed interest, is sufficient without service of process upon the actual owner of the property.

SAME—NECESSARY PARTIES—TAX SALES—ACTION TO SET ASIDE—LIMITATIONS.  In an action to set aside a tax foreclosure sale and deed of property which had become the community property of the purchaser and his wife, the wife is a necessary party defendant, and must be served with process within the three years limited by Rem. & Bal. Code, § 162.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 23, 1911, upon findings in favor of the defendants, dismissing consolidated actions to set aside tax sales.  Affirmed.

*Bridges & Bruener*, for appellant.

*Morgan & Brewer*, for respondents.

### ON REHEARING.

CROW, C. J.—Three separate actions were commenced by J. B. Dabney on October 3, 1908, to set aside tax sales and deeds covering city lots in South Aberdeen, Chehalis county. These actions, hereinafter mentioned as a single cause, were consolidated and tried together.  Plaintiff appealed from an order of dismissal.  On October 26, 1912, the judgment of the trial court was affirmed, *Dabney v. Stearns*, 70 Wash.

[1]Reported in 132 Pac. 400.

579, 127 Pac. 192. As no statement of facts was then before us, we said:

"The findings of the trial judge sustain the regularity of the foreclosure proceedings, and support the order of dismissal in this action. As no statement of facts has been brought to this court, the findings must be accepted as true. They sustain the judgment, which is affirmed."

By stipulation, and a petition for rehearing, a showing was thereafter made, to the effect that a statement of facts had been prepared, filed, served, and certified, which, through inadvertence and without fault of appellant or his attorneys, was not transmitted to this court. As appellant was without fault, his petition for rehearing has been granted, and the cause is now before us.

The record shows, that although the lots were assessed to North West Land & Improvement Company, and the original tax foreclosure proceedings were against that corporation as owner, the record title in fact stood in the name of the Northwestern Land & Improvement Company, a corporation. The last named corporation was organized in 1891, but for many years prior to the commencement of this action, beginning with the year 1898, and at all times thereafter, it made no payment of its annual license fees. On February 23, 1910, it was stricken from the records of the office of the secretary of state for nonpayment of license fees. Laws 1907, p. 271, § 7; Rem. & Bal. Code, § 3715. When the original tax foreclosure suits were commenced, the sheriff of Chehalis county made returns that he was unable to find the North West Land & Improvement Company or any of its officers within his county. Thereafter service was made upon North West Land & Improvement Company, a corporation, having its principal place of business in Spokane county, which corporation forthwith disclaimed any interest in the real estate. Thereupon further service was made in compliance with § 227, Rem. & Bal. Code, by publication of summons in a newspaper printed and published in the city of Olympia, the

seat of government of this state. In due course, foreclosure decrees were entered, sales were made, and tax deeds were issued to respondent J. O. Stearns.

Prior to, and at all times since, the foreclosure actions and the commencement of this action, respondent J. O. Stearns was and is a married man, living with his wife, Fannie Soule Stearns, in Chehalis county. By amendment to his answer, he alleged that the real estate was and is the community property of himself and wife. Thereafter, by order of court, Mrs. Stearns was made a party defendant, and was served with process. She was not made a party nor was she served with process within the period of the statute of limitations. Rem. & Bal. Code, § 162. She pleaded this statute in her answer. The trial court found, that the tax foreclosure judgments were regular; that due and legal service of process had been made; that sales were made by the county treasurer in pursuance thereof; that, by the sales and subsequent tax deeds, the legal fee simple title was conveyed to respondent J. O. Stearns; that respondent Fannie Soule Stearns, who appeared by separate answer, was not served with summons within three years after the issuance of the tax deeds; and that the appellant failed to establish any facts which would entitle him to set aside the tax sales and deeds. A decree was entered dismissing the action.

We have examined the statement of facts, and conclude that the evidence sustains the findings made. The foreclosure proceedings were commenced against North West Land & Improvement Company, the corporation which appeared upon the tax rolls as owner of the property, and service was made upon a corporation of that name. Subsequent service was also made in accordance with the provisions of § 227, Rem. & Bal. Code. The service thus made was sufficient, as tax foreclosures are proceedings *in rem. Spokane Falls & N. R. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192; *Noble v. Aune*, 50 Wash. 73, 96 Pac. 688.

The evidence sustains a finding that the title and property

obtained by respondent J. O. Stearns, through the tax sales, became the community property of himself and wife, and that Mrs. Stearns was a necessary party to this action, which, as against her and the community, was not commenced within the time limited by law. *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick*, 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns*, 66 Wash. 655, 120 Pac. 522.

The judgment is affirmed.

FULLERTON, MAIN, MORRIS, and ELLIS, JJ., concur.