[No. 11987.   Department Two.   June 12, 1915.]

BENJAMIN H. SAVAGE, *Appellant*, v. SAMUEL A. ASH *et al.*,
*Respondents*.[1]

TAXATION—TAX DEED—CANCELLATION—FRAUD—ACTIONS— LIMITA-
TIONS. Rem. & Bal. Code, § 159, authorizing an action for relief upon
the ground of fraud at any time within three years after the dis-
covery of the facts constituting the fraud, is superseded, as to ac-
tions to set aside or cancel a tax deed for fraud, by the later act,
Id., § 162, providing that actions to cancel a tax deed or recover
lands sold for taxes, must be brought within three years from the
date of the issuance of the tax deed.

ACCOUNT — COMPLAINT — SUFFICIENCY. In an action to cancel a
tax deed, an allegation to the effect that one of the defendants vio-
lated confidential relations and promised to bid in the property
prior to sale, afterwards representing that he had done so, is insuffi-
cient to state a cause of action for an accounting against such indi-
vidual defendant, upon a general demurrer to the complaint.

Appeal from a judgment of the superior court for Walla
Walla county, Miller, J., entered September 20, 1913, in
favor of the defendants, upon sustaining a demurrer to the
complaint, dismissing an action to set aside a tax deed.
Affirmed.

*Geo. T. Thompson* and *John F. Watson* (*Thos. H. Brents*,
of counsel), for appellant.

*T. P. & C. C. Gose* and *Pedigo & Smith*, for respondents.

FULLERTON, J.—The appellant, Benjamin H. Savage, in
the year 1893, on the death of his father, became seized in
fee, as a tenant in common with his mother, of certain real
property situated in Walla Walla county. Subsequently
the taxes on the land were suffered to become delinquent, and
on November 18, 1907, the county treasurer of Walla Walla
county issued to one Ash a certificate of delinquency against
the lands for the unpaid and delinquent taxes levied and as-
sessed thereon for the fiscal year of 1902; Ash paying, at the

[1]Reported in 149 Pac. 325.

time of receiving the certificate, all of the unpaid and delin-
quent taxes with penalties and interest then accrued against
the property. On December 11, 1907, Ash commenced an ac-
tion to foreclose the certificate of delinquency, obtaining a
decree of foreclosure and order of sale of the premises on
March 30, 1908. The premises were sold under the decree on
April 11, 1908, to The Watertown Company, and a treasur-
er's deed of the premises was issued to the purchaser on the
same day. Subsequently The Watertown Company conveyed
the land to one Barker, who in turn conveyed it to the Attalia
Land Company, which company now holds such title to the
property as was derived by the sale under the tax foreclosure
proceedings. The service of summons in the foreclosure pro-
ceeding was made by publication, and was based upon an
affidavit of the attorney for Ash, which (omitting the formal
parts) reads as follows:

"John H. McDonald being first duly sworn on oath says:
That I am one of the attorneys for the plaintiff in the above
entitled action and make this verification for and on behalf of
said plaintiff; that I believe the above named defendant, Ben-
jamin Savage, is not a resident of the state of Washington,
and cannot be found therein; that the post office address of
the said defendant is to me unknown; that the subject of this
action is real property in the state of Washington, and the
defendant has or claims an interest therein; that this action is
brought to foreclose a delinquent tax certificate on real prop-
erty in the state of Washington."

At the time the appellant became seized of his interest in
the land on the death of his father, he was a minor of about
the age of four years, and was a minor at the time the fore-
closure proceedings were commenced, and continued so to be
until March 20, 1908, some ten days prior to the entry of
the decree of foreclosure.

The present action was instituted on March 18, 1913, to
set aside and cancel the treasurer's deed and to recover the
land from the present holder. As grounds for recovery, the
appellant, after alleging the facts hereinbefore recited, fur-

ther alleged that, at the time of the commencement of the foreclosure proceedings and up to the time he reached the age of majority, he was "absent from this state, living at Grinnell, in the state of Iowa, which place was his post office address, as was well known to the defendant Ash at all times, and had no notice or knowledge of the" pendency of the foreclosure proceedings; further alleging that Ash was guilty of fraud in procuring the service of the summons, in that he concealed his knowledge of the post office address of the appellant, and procured his attorney to make affidavit that the appellant's post office address was unknown, in order that he might avoid giving the appellant actual notice of the pendency of the proceedings, and that appellant did not discover the fraud until shortly before commencing his action.

To the complaint, the respondents interposed a demurrer, based on the grounds that it did not state facts sufficient to constitute a cause of action, and was not commenced within the time limited by law. The demurrer was sustained by the trial court. This appeal is taken from a judgment of dismissal with costs, entered after the appellant had elected to stand on his complaint.

From the dates given, it will be observed that the action was not commenced until nearly five years after the issuance of ·the treasurer's deed, and it was the opinion of the trial court that the action was barred by § 162 of the code (Rem. & Bal.) which provides that "Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for . . . taxes, or for the recovery of land sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed." It is the appellant's contention that the action is one for relief on the ground of fraud, and can be maintained, in virtue of the fourth subdivision of § 159 of the code (Id.), at any time within three years after the discovery by the aggrieved party of the facts constituting the fraud.

In *Fleming v. Stearns*, 66 Wash. 655, 120 Pac. 522, we held that an action to set aside and cancel a tax deed and to recover real property sold for delinquent taxes must be brought within three years after the issuance of the treasurer's deed, regardless of the ground upon which the attack on the sale is made; holding, in substance, that the statute relied upon by the appellant was superseded by the later statute with regard to its effect upon actions of this character. The appellant attacks the case on two grounds, first, that the particular holding was not necessary to a decision of the case, and, second, that the holding is wrong in principle. But with neither of these contentions are we able to agree. It may be that the case could have been rested on the first ground suggested in the opinion, namely, that the fraud alleged was not proven, but both questions were clearly in the case, and simply because the court decided both, does not necessarily mean that the one or the other is dictum.

On the second branch of the objection, it will not be disputed that the legislature has power to limit the time within which actions may be commenced where fraud enters into the transaction, and this regardless of the question whether the fraud is discovered or discoverable within the statutory period. The question is never one of power but always one of intent, and here the question is, did the legislature intend the statute under consideration to bar all actions brought for the purposes mentioned unless brought within three years. On its face it so indicates. It contains no exceptions whatsoever. It was enacted long after the enactment of the section on which the appellant relies, and, in so far as a conflict exists between the two, must be read as superseding that section. It is in aid of the taxing power. Speedy and prompt payment of taxes are necessary to an economical administration of the state's affairs, and to secure this the law provides that, if the owner will not pay the taxes levied upon his property, another may pay them for him and have a lien on the property for the amount paid, which he can enforce

as other liens are enforced.   But tax titles, seemingly, especially in the earlier periods of our history, did not meet with favor from the courts; indeed, with such little regard were such titles held that the phrase "worthless as a tax title" was proverbial, and no one but those of a speculative turn would deal with property under such titles, and those only in cases where the chances of gain were large and the amount risked proportionately small.   The purpose of statutes like the present is to make such titles desirable as investments by making them more secure, and we think the manifest purpose of the present statute was to fix a time beyond which a tax foreclosure proceeding cannot be questioned for any cause whatsoever.

The complaint contained an allegation to the effect that one of the defendants was president of the corporation which purchased the property at the tax foreclosure sale, was the brother of appellant's mother, and sustained confidential relations with her and the appellant, having in charge, in a large measure, her business interests, and that he promised the appellant's mother, prior to the sale, that he would bid in the property for her and the appellant, and afterwards represented that he had done so and was holding the legal title in trust for them.   It is claimed that this allegation states a cause of action for an accounting against the particular defendant, and that the court erred in sustaining the demurrer for that reason.   But conceding the rule to be that the demurrer is not to be sustained if the facts stated entitled the pleader to some relief, although not the relief demanded in the prayer of the complaint, we cannot think this allegation sufficient to bring the appellant within the rule.   There was a general demurrer interposed to the complaint, and we think this allegation too meager to state a cause of action, either in damages or for accounting as against such a demurrer.

The judgment is affirmed.

MORRIS, C. J., CROW, and PARKER, JJ., concur.