[No. 13490. Department Two. November 13, 1916.]

HERMAN F. KELLER, *Appellant*, v. F. E. DAVIS *et al.*,
*Respondents.*[1]

TAXATION—TAX DEED—ACTIONS TO SET ASIDE—LIMITATION. An action to quiet title to land sold for taxes on the ground that the tax judgment was void for want of valid process, is governed by Rem. 1915 Code, § 162, limiting actions to cancel a tax deed or recover lands sold for taxes to three years from the date of the issuance of the tax deed.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered February 4, 1916, upon sustaining a demurrer to the complaint, dismissing an action to quiet title. Affirmed.

*Louis A. Dyar*, for appellant.

*L. C. Jesseph*, for respondents.

HOLCOMB, J.—Appellant began this action in June, 1915, to quiet title against a tax deed issued by the treasurer of Stevens county after judgment of foreclosure of certificate of delinquency on October 7, 1911.

Appellant averred that the judgment in foreclosure was utterly void for want of valid process, thus avoiding the treasurer's deed; that respondents have never been in possession of the land, which is wild and vacant; that appellant, after execution of the tax deed, paid all general taxes since

[1]Reported in 160 Pac. 946.

assessed against the land, thus retaining constructive possession of the land against the purchaser; and that tender of the amount paid for the certificate of delinquency, plus interest, had been refused by the purchasers of the tax deed. The court sustained a demurrer to appellant's amended complaint upon the ground that the action is barred by the statute of limitations of such actions, Rem. 1915 Code, § 162, which is as follows:

"Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed; Provided, this section shall not apply to actions not otherwise barred on deeds heretofore issued if the same be commenced within one year after the passage of this act."

This case is manifestly governed by the reasoning and the rule announced in the cases of: *Huber v. Brown,* 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns,* 66 Wash. 655, 120 Pac. 522; *Savage v. Ash,* 86 Wash. 43, 149 Pac. 325.

The action is barred. The judgment of the superior court is affirmed.

Morris, C. J., Main, and Parker, JJ., concur.