[No. 15765.  Department Two.  August 24, 1920.]

SAMUEL PORTER, *Appellant,* v. E. E. BURKLEY *et al.,* *Respondents.*[1]

TAXATION (206)—TAX DEED—ACTION TO SET ASIDE—LIMITATIONS. The bar of the statute of limitations, Rem. Code, § 162, relating to actions to set aside tax deeds or for the recovery of lands sold for delinquent taxes, is not removed by the fact that a tax deed issued on foreclosure by an individual holder of a certificate of delinquency, was in the form used in county foreclosure cases, the recitals as to the order of the county board authorizing the sale and as to ownership by the county being surplusage only.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered July 19, 1919, in favor of the defendants upon the pleadings, in an action to foreclose a mortgage. Affirmed.

*Samuel Porter,* for appellant.

*G. W. Sommer,* for respondents.

TOLMAN, J.—Appellant, as plaintiff in the court below, brought this action to foreclose a mortgage upon certain real estate in Ferry county, Washington. Respondents, by answer, admitted the execution and delivery of the note and mortgage, and that the latter was duly recorded, and pleaded affirmatively that respondent Margaret Howell is the owner of the land described in the mortgage, by virtue of a tax deed duly

[1]Reported in 191 Pac. 799.

issued to her by the treasurer of Ferry county on June 28, 1915, and that more than three years elapsed after the issuance of such deed and before the commencement of this action. By his reply, appellant admits the issuance of the tax deed more than three years prior to the bringing of the action, but pleads that the tax deed was null and void by reason of irregularity in the proceedings leading up to its issuance; that the county treasurer had no authority in law to issue it, and, also, that it is void on its face. A judgment on the pleadings was entered, denying the foreclosure of the mortgage and dismissing the action as to the respondent Howell, and this appeal followed.

Appellant raises the question as to the sufficiency of the summons in the tax foreclosure case, under which respondent claims title; the sufficiency of the service in that case, and that the tax deed recites:

"That whereas, at a public sale of real estate, held on the 26th day of June, 1915, pursuant to an order of the board of county commissioners of the county of Ferry, state of Washington, duly made and entered, and after having first given due notice of the time and place and terms of such sale, and, whereas, in pursuance of said order of said board of county commissioners, and of the laws of the state of Washington, and for and in consideration of the sum of one hundred fifty-four and 98/100 dollars, lawful money of the United States of America, to me in hand paid, the receipt whereof is hereby acknowledged, I have this day sold to M. Howell, the following described real estate, and which real estate is the property of Ferry county,—"

claiming, in effect, that the deed being in the form used in cases where the county forecloses, it is not entitled to the protection of the statute in a case, such as this, of a foreclosure by an individual holder of a certificate of delinquency. The statute, Rem.

Code, § 162, is a statute of limitations barring any action "to set aside, or cancel a deed of any county treasurer issued after and upon the sale of lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, . . ." after three years from the date of the issuance of such deed.

We think the recitals in the deed as to the order of the board of county commissioners and the ownership by Ferry county surplusage only, which does not vitiate, and such irregularities, and the irregularities, if any, in the summons, and the manner of its service, are such as the statute is meant to set at rest. We have so often upheld the statute and decided all the questions here presented in similar cases that a further discussion at this time seems unnecessary. *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick*, 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns*, 66 Wash. 655, 120 Pac. 522.

The judgment of the trial court is affirmed.

HOLCOMB, C. J., BRIDGES, MOUNT, and FULLERTON, JJ., concur.