[No. 20630.   Department One.   October 6, 1927.]

PETER J. JORGENSEN *et al.*, *Appellants*, v. THURSTON COUNTY *et al.*, *Respondents.*[1]

[1] TAXATION (206)—TAX DEED—ACTION TO SET ASIDE—LIMITATIONS. Under Rem. Comp. Stat., § 162, limiting actions to set aside a tax deed to three years, a void tax deed constitutes a sufficient basis to start the running of the statute.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered December 23, 1926, dismissing an action in ejectment and to quiet title, upon sustaining a demurrer to the complaint. Affirmed.

*Troy & Yantis,* for appellants.
*Henderson & Carnahan,* for respondents.

MITCHELL, J.—This action was commenced in December, 1925, to recover the possession of lands and to set aside a tax deed, made and delivered by the county treasurer pursuant to a judgment of the superior court. The land was sold at a tax foreclosure sale on October 13, 1917, and the treasurer's deed therefor executed the same day, more than eight years before the commencement of this action. During the foreclosure proceedings, the sale, and the execution of the deed, the plaintiffs were not in possession of the property.

The defendants, other than the county, who were alleged to be the purchasers at the county treasurer's sale and grantees of such purchasers, demurred to the amended complaint on the grounds, (1) that the amended complaint does not state facts sufficient to constitute a cause of action; and (2) that the action

[1]Reported in 259 Pac. 720.

was not commenced within the time limited by law. The demurrer was sustained and, the plaintiffs electing to stand upon their amended complaint, a judgment of dismissal was entered in favor of the defendants, from which plaintiffs have appealed.

[1]. The statute of limitations relied on by the respondents is found at page 398, Laws 1907, Rem. Comp. Stat., § 162, which provides that such actions must be commenced within three years from and after the date of the issuance of the treasurer's deed.

There are certain allegations in the amended complaint upon which the appellants claim that the treasurer's deed is void, and the point is made that, therefore, the statute of limitations does not apply. However, in *Huber v. Brown,* 57 Wash. 654, 107 Pac. 850, this court quoted with approval from *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166, as follows:

"Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations."

This rule has been steadily adhered to since then. *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns,* 66 Wash. 655, 120 Pac. 522; *Savage v. Ash,* 86 Wash. 43, 149 Pac. 325; *Keller v. Davis,* 93 Wash. 336, 160 Pac. 946; *Porter v. Burkley,* 112 Wash. 282, 191 Pac. 799. The present case is governed by that rule.

Affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.