[No. 27609. Department One. November 30, 1939.]

J. RUEL WHITE *et al.*, *Appellants*, v. AGNES M. GEHRMAN *et al.*, *Respondents.*[1]

*Fred M. Bond* and *Hall & Schaefer*, for appellants.

*Welsh & Welsh*, for respondents.

SIMPSON, J.—This was an action to quiet title to real property situated in the town of Long Beach. The case was tried to the court, and judgment rendered in favor of defendants.

May 14, 1923, the town of Long Beach passed ordinance No. 48, creating local improvement District No. 6, which district included the property involved in this action and was owned at that time by Lillian E. Stout.

[1]Reported in 96 P. (2d) 453.

March 17, 1924, the town council passed ordinance No. 59, confirming the assessment which had been spread against the properties included within the district. Thereafter, Mrs. Stout failed to pay the assessments as they became due. After the assessments became delinquent, the town treasurer attempted to give notice of foreclosure and sale under the provisions of Rem. Rev. Stat., § 9250 [P. C. § 7580].

Notice was published March 18, March 25, and April 1, 1927. Respondents' predecessors in interest purchased the property at the sale April 2, 1927, and received a certificate therefor. Mrs. Stout having failed to redeem the property within the two year period provided by statute, it was deeded by the mayor and clerk of the town of Long Beach, December 17, 1929, to the purchasers at the foreclosure sale. No notice, either personal or by publication other than that to which we have just referred, was afforded to Mrs. Stout.

Mrs. Stout deeded to appellants her interest in the property involved June 8, 1933, and this action was begun March 14, 1936. Neither she nor appellants have been in possession since December 17, 1929.

In their answer to the complaint, respondents pleaded that the action was not brought within three years after the date of the deed given by the city, and that the action was, therefore, barred by the three year statute of limitations, Rem. Rev. Stat., § 9394-1 [P. C. § 1022-1].

Appellants urge error on the part of the trial court in holding that respondents were the owners of the property free and clear of all claims of the appellants. They take the position that the tax deed under which the respondents claim title is void for want of compliance with the notice requirements of Rem. Rev. Stat., §§ 9250 and 9256 [P. C. §§ 7580, 7586]; further, that the deed is void on its face because not signed by the city treasurer

as provided for by the terms of § 9256. It is appellants' contention that a deed issued subject to these defects is not sufficient to set in motion the three year statute of limitations upon which respondents rely.

We are of the opinion that the action is barred by the statute of limitations. In the discussion of the case, we assume that the deed given by the city was, as contended by appellants, void.

■ Laws of 1927, chapter 275, p. 666, § 6, Rem. Rev. Stat., § 9394-1, provides:

"Actions to set aside or cancel any deed heretofore or hereafter issued after and upon the sale of property for local improvement assessments or for the recovery of property sold for delinquent local improvement assessments must be brought within three years from and after date of the issuance of such deed; provided that this section shall not apply to actions not otherwise barred on deeds heretofore issued or property heretofore sold if the same be commenced within one year after the passage of this act."

By comparing the above quoted section of our statute with Rem. Rev. Stat., § 162 [P. C. § 8167], which reads:

"Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed: Provided, that this section shall not apply to actions not otherwise barred on deeds heretofore issued if the same be commenced within one year after the passage of this act."

we find them to be identical, with the exception that § 9394-1 refers to deeds to property sold to satisfy the lien of local improvement assessments and § 162 applies to deeds given as the result of foreclosure of general tax liens.

This court has, in the cases of *Cordiner v. Dear*, 55

Wash. 479, 104 Pac. 780; *Huber v. Brown,* 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082; *Fleming v. Stearns,* 66 Wash. 655, 120 Pac. 522; *Savage v. Ash,* 86 Wash. 43, 149 Pac. 325; *Keller v. Davis,* 93 Wash. 336, 160 Pac. 946; *Porter v. Burkley,* 112 Wash. 282, 191 Pac. 799; and *Jorgensen v. Thurston County,* 145 Wash. 282, 259 Pac. 720, given full force and effect to the limitation contained in § 162 by holding that a tax deed issued more than three years before the beginning of an action attacking it becomes invulnerable even though the foreclosure proceedings contained jurisdictional defects.

In the case of *Huber v. Brown, supra,* this court said:

"The point is made that the published summons and the affidavit upon which it is based are so defective that the court did not acquire jurisdiction, and that the judgment is therefore void, and that a tax deed based upon a void judgment is not within the protection of the statute. This is no longer an open question in this state. A like question was made in *Hamilton v. Witner,* 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921, and in *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166. In the *Lara* case we said:

" 'Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations.'

"In these cases the court was considering the seven-year statute of limitations, but we do not conceive that a different principle should obtain in applying the provisions of the act of 1907, which is special to tax deeds and general in its terms. Its purpose was to foreclose investigation as to the validity of the proceedings leading up to the judgment unless challenged within the time limited by the act. The precise question was raised in *Cordiner v. Dear,* 55 Wash. 479, 104 Pac. 780. Whilst this question was not discussed in the opinion, it was assumed that the law was settled in this jurisdiction adversely to the appellant's contention. The act of 1907 would serve no purpose if limited to deeds exe-

cuted on sales regularly made upon valid judgments only. Such deeds need no legislative aid."

And in the case of *Savage v. Ash, supra,* the following statement was made:

"On the second branch of the objection, it will not be disputed that the legislature has power to limit the time within which actions may be commenced where fraud enters into the transaction, and this regardless of the question whether the fraud is discovered or discoverable within the statutory period. The question is never one of power but always one of intent, and here the question is, did the legislature intend the statute under consideration to bar all actions brought for the purposes mentioned unless brought within three years. On its face it so indicates. It contains no exceptions whatsoever. It was enacted long after the enactment of the section on which the appellant relies, and, in so far as a conflict exists between the two, must be read as superseding that section. It is in aid of the taxing power. Speedy and prompt payment of taxes are necessary to an economical administration of the state's affairs, and to secure this the law provides that, if the owner will not pay the taxes levied upon his property, another may pay them for him and have a lien on the property for the amount paid, which he can enforce as other liens are enforced. But tax titles, seemingly, especially in the earlier periods of our history, did not meet with favor from the courts; indeed, with such little regard were such titles held that the phrase 'worthless as a tax title' was proverbial, and no one but those of a speculative turn would deal with property under such titles, and those only in cases where the chances of gain were large and the amount risked proportionately small. The purpose of statutes like the present is to make such titles desirable as investments by making them more secure, and we think the manifest purpose of the present statute was to fix a time beyond which a tax foreclosure proceeding cannot be questioned for any cause whatsoever."

The reasoning relative to the interpretation of § 162 which is included in the foregoing excerpts applies

with equal force and effect to the provisions of § 9394-1. Appellants' argument, based upon defects in the giving of notice, is squarely met by, and falls before, the weight of this authority.

The second contention made by appellants is that, as the deed given by the town was not signed by its treasurer as commanded by statute, and was therefore void upon its face, its execution, delivery, and recording was not sufficient to start the running of the statute of limitations.

"There is great conflict of authority as to whether a deed which is void on its face will give color of title. Many decisions hold that such deeds do not give color of title. But the weight of authority is to the effect that a deed void on its face may give color of title as effectually as though the deed was regular on its face and void for reasons dehors the instrument." 2 C. J. 176, § 338.

"There is no doubt that a deed fair on its face constitutes color of title, no matter what defect may really exist in the proceedings; but it has been held that a deed void on its face would not amount to color of title. The weight of authority and reason is, however, to the effect that whether the deed be void on its face or not, if it *is a deed,* and of such a character that an ordinary purchaser unskilled in the learning of the law might believe it to be a good conveyance, it will be sufficient." 2 Blackwell on Tax Titles (5th ed.), 805, § 861.

We are unable to apprehend why distinction should be drawn between a fact appearing upon the face of a deed which shows a defect in title, and a fact existing outside the deed having the same effect, which the purchaser is equally bound to notice.

The statute, § 9394-1, does not contain language which shows, or in any way tends to show, that the legislature contemplated difference in the legal con-

sequences attendant upon one or the other of these possible defects in the purchaser's title. The statute, in fixing the limit of three years in which action may be instituted, makes no reference to the form or contents of the deed. It does not state that the tax deed must be valid upon its face. It provides in plain, concise language that the action to set aside or cancel "any deed . . . must be brought within three years from and after the date and issuance of such deed."

No logical reason can be advanced for establishing a distinction between defects which are apparent upon the face of the deed itself and defects appearing in the record of the proceedings anterior to the issuance of the deed.

The trial court was correct in holding that the action could not be maintained, and the judgment is accordingly affirmed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.