[No. 10616.   Department One.   October 26, 1912.]

## J. B. DABNEY, *Appellant*, v. J. O. STEARNS *et al.*, *Respondents*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—FINDINGS—REVIEW. The findings are conclusive where no statement of facts is brought to the supreme court, and if they support the judgment, it must be affirmed.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 23, 1911, upon findings in favor of the defendant, dismissing consolidated actions to set aside tax sales. Affirmed.

*Bridges & Bruener*, for appellant.

*Morgan & Brewer*, for respondents.

PER CURIAM.—On October 3, 1908, J. B. Dabney commenced three separate actions, to set aside tax sales covering certain city lots in South Aberdeen, in Chehalis. county. Upon stipulation, the actions were consolidated and tried together. From an order of dismissal, the plaintiff has appealed.

The record shows, that the lots had been assessed in the name of North West Land & Improvement Company; that the certificates were issued to J. O. Stearns for delinquent taxes from 1893 to 1904 inclusive, and that Stearns instituted foreclosure proceedings against North West Land & Improvement Company (a corporation) and all persons unknown, if any, having or claiming an interest in and to the property. Appellant J. B. Dabney, who now claims title under a deed from the Northwestern Land & Improvement Company, executed and delivered to him after the tax foreclosures and sales, alleged that no service of process had been made on his grantor, the actual owner of the property, that

[1]Reported in 127 Pac. 192.

the court was without jurisdiction in the foreclosure actions, and that he had tendered to respondent all delinquent taxes, with penalty and interest thereon, and all taxes paid by respondent, with interest thereon.

In this action the trial court found, that the tax foreclosure proceedings were regular in every respect; that service of summons was made; that the lots appeared upon the tax rolls in the name of North West Land & Improvement Company as owner; that the certificates of delinquency recite the name of North West Land & Improvement Company as owner; and that the treasurer's deeds conveyed to the respondent and his wife a fee simple title.

It will be observed that appellant deraigned his title from *Northwestern* Land & Improvement Company, while the lots were assessed to, and the delinquency certificates were foreclosed in the name of, the *North West* Land & Improvement Company as owner.

The findings of the trial judge sustain the regularity of the foreclosure proceedings, and support the order of dismissal in this action. As no statement of facts has been brought to this court, the findings must be accepted as true. They sustain the judgment, which is affirmed.