[No. 12496.  Department Two.  July 14, 1915.]

UNION MACHINERY & SUPPLY COMPANY, *Respondent*, v. H.
W. STUCHELL *et al.*, *Appellants*.[1]

APPEAL—RECORD—EXHIBITS.  Exhibits can only be made part of
the record on appeal by bill of exceptions or statement of facts.

APPEAL—RECORD—BILL OF EXCEPTIONS.  Upon a trial *de novo* in
an equitable case, in the absence of a bill of exceptions or statement
of facts, the only question presented is whether the findings support
the judgment.

Appeal from a judgment of the superior court for Snoho-
mish county, Alston, J., entered July 15, 1914, upon findings
in favor of the plaintiff, in an action to foreclose a chattel
mortgage, tried to the court.  Affirmed.

*Earl W. Husted*, for appellants.

*Robert A. Eaton*, for respondent.

MAIN, J.—The purpose of this action was to foreclose a
chattel mortgage upon certain logging equipment and log-
ging machinery.  The chattel mortgage, at the time of its
execution, was a part of a combination instrument which con-
stituted a lease, an option to purchase, and a chattel mort-
gage.  This instrument was executed and filed as a chattel
mortgage.  The defendant H. W. Stuchell claims under a
subsequent bill of sale from the mortgagor.  The defendant
Lester Stuchell was the assignee of certain lien claims.  These
defendants appeared by answer and cross-complaint.  After
the issues were framed, the cause was tried to the court.  The
trial court found that the claims of all the defendants were
subsequent and inferior to the rights of the plaintiff under
the chattel mortgage, and entered judgment accordingly.
The defendants above mentioned appeal.

No bill of exceptions or statement of facts has been brought
to this court.  Certain exhibits are sought to be made a part

[1]Reported in 150 Pac. 8.

of the record by being included in the clerk's transcript. But exhibits introduced in evidence upon the trial of a case in the superior court can only be made a part of the record upon appeal by a bill of exceptions or statement of facts. By being included in the clerk's transcript, they become no part of the record. Rem. & Bal. Code, §§ 390, 395 (P. C. 81 §§ 687, 697; *Kennedy Drug Co. v. Keyes Drug Co.*, 58 Wash. 499, 109 Pac. 56; *Staats v. Pioneer Ins. Ass'n*, 55 Wash. 51, 104 Pac. 185; *Thurman v. Kildall*, 80 Wash. 283, 141 Pac. 691. There being no bill of exceptions or statement of facts, the only question that can be considered is whether the findings support the judgment. *McMillan v. Stone*, 79 Wash. 119, 139 Pac. 753; *Dabney v. Stearns*, 70 Wash. 579, 127 Pac. 192.

The findings of the trial court are somewhat voluminous and complicated. Without reviewing these findings in detail, it may be said that a careful consideration of them leads to the conclusion that the judgment is supported by the findings.

The judgment will therefore be affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.