[No. 7852. Department One. October 6, 1909.]

E. Timmerman et al., *Appellants*, v. D. H. McCullagh et al., *Respondents*.[1]

Taxation — Foreclosure — Summons—Incorrect Statement of Date. A county tax foreclosure of a general delinquency certificate is not void because the summons for publication incorrectly stated the date of the certificate; such requirement being descriptive only and to aid in identification, and is not essential to the jurisdiction of the court nor fatal to the proceedings, in the absence of a showing that the party was misled.

Same—Certificate of Delinquency—Time for Issuance. Where a tax for 1895 became delinquent May 31, 1896, by the law then in

[1]Reported in 104 Pac. 212.

force, and a certificate of delinquency issued Aug. 1, 1901, for taxes for the year 1895, more than five years had elapsed, as required by the act of 1901.

SAME—SALE—VALIDITY—EXCESSIVE AMOUNT. A tax foreclosure judgment and sale is not void because of an overcharge of interest, since the owner has an opportunity to defend and is estopped to raise any but jurisdictional questions.

SAME — COLLATERAL ATTACK — PRESUMPTION. A tax foreclosure judgment and sale cannot be attacked collaterally because the officer making the sale did not have a certified copy of the order of sale, where the officer in his return recites that the order was "directed and delivered" to him; since all presumptions are in favor of the regularity of the proceedings.

Appeal from a judgment of the superior court for Franklin county, Zent, J., entered September 15, 1908, upon findings in favor of the defendants, after a hearing before the court upon an agreed statement of facts, in an action to quiet title. Reversed.

*A. A. Hinman* and *A. C. Routhe,* for appellants.
*Horrigan, O'Brien & Coad,* for respondents.

FULLERTON, J.—The appellants, who were plaintiffs below, brought this action to quiet title to certain real property situated in Franklin county. They claimed title to the land in dispute as purchasers at a sale under a tax foreclosure proceeding brought by Franklin county to foreclose its lien for delinquent taxes. The respondents were the owners of the property prior to the sale, and defended on the ground that their interests were not cut off by the foreclosure and sale, because of irregularities therein rendering the proceedings void. On the trial the court held the proceedings void, and that the title to the property was in the respondents, and rendered judgment accordingly. This appeal was taken therefrom.

The record does not disclose what particular fault rendered the proceedings void in the opinion of the trial judge, but counsel for the respondents assert that the proceedings are

void for a number of reasons, the first of which is that the summons is insufficient. The statutes relating to revenue and taxation provide that when the taxes have been delinquent for a period of five years and no certificate of delinquency has been issued for such delinquent taxes, the county treasurer shall issue a certificate of delinquency to the county in which the property is situated, and shall file such certificate with the clerk of the court, who shall, with the assistance of the treasurer and the prosecuting attorney, foreclose in the name of the county the tax lien embraced in such certificate. Notice of the foreclosure is required to be given in the form of a summons which shall contain the title of the court, a description of the property to be sold, with the name of the owner thereof if known, the name of the holder of the certificate, the date thereof, the amount for which the same was issued, the amount of all taxes paid for prior and subsequent years, and the rate of interest on said amount.

The summons in question here complied with the statute in all respects, except that it did not recite correctly the date of issuance of the certificate of delinquency; the correct date being August 1, 1901, whereas the summons gave the date as being January 31, 1898. It is this error that is thought to be fatal to the proceedings. But we cannot think the misstatement has that effect. The statute regulating the proceedings for the enforced collection of taxes is largely directory, and such proceedings are sufficient where they substantially comply with the statute. The requirement that the date of the certificate be given is for the purpose of description only, furnishing an additional aid by which it can be discovered and identified by the owner of the property in his search of the court proceedings. It is not essential to the jurisdiction of the court that the date be correctly given, and so long as the omission or misstatement does not mislead the owner, depriving him of some right which he otherwise would have, it is too much to say that it is fatal to the entire proceedings. In this case there is nothing tending to show that

the owners were misled in any manner by this misstatement in the notice. In fact there is no claim of this kind. Counsel argue that its omission is fatal because the statute gives it as one of the recitals the summons shall contain. But the statute itself makes it clear that no such fatality should follow its omission.

It is next contended that the certificate of delinquency itself is void because prematurely issued, but we think the contention is founded on a mistake of fact. The statute of 1901, in force when the certificate was issued, provided, it is true, that a certificate of delinquency could be issued to the county only after the expiration of five years from the date of delinquency. This certificate was issued on August 1, 1901, for taxes for the year 1895. Taxes for that year, by the statute then in force, became delinquent on May 31, 1896. More than five full years had elapsed between these dates.

There was an overcharge of interest making the total sum recited as due in the certificate of delinquency somewhat larger than it should have been. Judgment was entered for this larger sum, and the property sold to satisfy the judgment. It is contended that the sale is void because of this excessive charge. But this was not fatal. Overcharges by the taxing officers have usually been held fatal to a summary sale of property for taxes where the proceedings are *ex parte*. But the sale in this instance was not summary nor *ex parte*. In this state sales of property for taxes are made only after a foreclosure of the tax lien in a proceeding in which the owner is given notice and an opportunity to defend against overcharges or mistakes which increase the amount properly due. Being a party to the proceedings, he is estopped by the judgment to question collaterally matters which do not go to the jurisdiction of the court to render the judgment.

Lastly, it is contended that the officer making the sale did not have a certified copy of the order of sale, and consequently was without warrant or authority to sell the prop-

erty.    The record as certified to this court does not show directly that a certified copy of the judgment and order of sale entered by the court was delivered to the treasurer, but that officer in his return of the sale recites that the order was "directed and delivered" to him.    If the delivery of such an order be essential to a valid sale, we think this sufficient evidence of the fact that it was delivered.    It must be remembered that the respondents are attacking the record collaterally.    That in such an attack all presumptions are in favor of the regularity of the proceedings, and that want of jurisdiction must affirmatively appear before the proceedings will be declared void.

In our opinion the court erred in adjudging the foreclosure and sale void.    The judgment is therefore reversed, and the cause remanded with instructions to enter a judgment for the appellants adjudging them to be the owners of the property in question and quieting their title thereto.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.