[No. 8472.  Department Two.  February 21, 1910.]

BESSIE ANDERSON, *Respondent*, v. SPOKANE, PORTLAND &

SEATTLE RAILWAY COMPANY, *Appellant*.[1]

TAXATION—ACTION TO RECOVER LANDS SOLD—LIMITATIONS.  An action to quiet title to land sold for taxes, attacking the validity of the tax foreclosure, is within Rem. & Bal. Code, § 162, providing that actions to set aside or cancel a tax deed or for the recovery of lands sold for delinquent taxes must be commenced within three years from and after the date of the issuance of the treasurer's deed.

Appeal from a judgment of the superior court for Franklin county, Zent, J., entered January 6, 1909, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to quiet title.  Reversed.

*Cannon & Lee* (*Carey & Kerr*, of counsel), for appellant.
*Horrigan, O'Brien & Coad*, for respondent.

CROW, J.—This action was commenced in the superior court of Franklin county, by Bessie Anderson against Spokane, Portland & Seattle Railway Company, a corporation, to quiet title to certain lots in the city of Pasco.  The controlling question involved is the validity of a tax foreclosure, under which the defendants deraigned and now hold title. The defendant railway company demurred to the complaint for want of facts sufficient to constitute a cause of action, and because the action was not commenced within the time limited by law.  The demurrer being overruled, final judgment was entered annulling the tax sale and quieting plaintiff's title.  The defendant railway has appealed.

The respondent in her complaint attacks the tax foreclosure proceedings, contending that they were void for want of jurisdiction and for other reasons, all of which were raised in *Timmerman v. McCullagh*, 55 Wash. 204, 104 Pac. 212.

[1]Reported in 107 Pac. 183.

In that case, which arose out of the identical tax foreclosure proceeding here involved, we held against each and every contention now made by the respondent.

The record shows that the tax judgment was entered on June 4, 1902, and that the tax deed under which the appellant deraigns its title was executed and delivered on August 23, 1902. This action was commenced on June 13, 1908. Laws 1907, page 398, ch. 173 (Rem. & Bal. Code, § 162), provides:

"Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed: Provided, This act shall not apply to actions not otherwise barred on deeds heretofore issued if the same be commenced within one year after the passage of this act."

Under the construction placed on this statute in *Cordiner v. Dear*, 55 Wash. 479, 104 Pac. 780, it is manifest that this action was not commenced within the time limited by law.

The judgment is reversed, and the cause remanded with instructions to sustain the demurrer, upon both of the grounds therein stated.

MOUNT, DUNBAR, and PARKER, JJ., concur.

RUDKIN, C. J., concurs in the result.