[No. 18684.  Department Two.  March 3, 1925.]

THE CITY OF EVERETT, *Appellant,* v. W. C. MORGAN *et al., Respondents,* F. H. HOLLENBECK *et al., Interveners.*[1]

TAXATION (140)—FORECLOSURE SALE—NOTICE TO OWNER—PARTIES ENTITLED TO OBJECT. The owner of the property is the only party who can assert the invalidity of a county tax foreclosure on account of the failure of the county to comply with Rem. Comp. Stat., § 11298, requiring that notice of the sale be served on the owner of the property.

SAME (151, 153)—FORECLOSURE OF LIEN—NOTICE—STATUTES—CONSTRUCTION. A county tax foreclosure does not cut off local municipal assessment liens unless the complaint is served on the city treasurer, under Rem. Comp. Stat., § 11295, providing for publication of summons upon a general county tax foreclosure, which shall be sufficient service on all parties, and § 9393, requiring service of the complaint in any general tax foreclosure upon the treasurer of a city having local assessment liens; since such sections must be construed together.

MUNICIPAL CORPORATIONS (295) — SPECIAL ASSESSMENTS — FORECLOSURE OF LIEN—TENDER OF TAX. A preliminary tender of taxes due a county is not a condition precedent to an action foreclosing a delinquent local assessment, as it is not within Rem. Comp. Stat., § 956, requiring a tender of a tax before commencement of an action to enjoin the collection of any tax or for the recovery of land sold for taxes, where the tax foreclosure did not cut off the local assessment lien of the city.

SAME (296)— FORECLOSURE OF LIEN — LIMITATIONS — STATUTES. Rem. Comp. Stat., § 162, providing that actions to cancel tax deeds must be brought within three years after date of the deed, does

[1]Reported in 233 Pac. 317.

not bar an action to foreclose a local assessment lien which was not cut off by a prior tax foreclosure; in view of Id., § 9349, providing a ten-year limitation for the foreclosure of such liens.

· PARKER, HOLCOMB, and ASKREN, JJ., dissent.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 22, 1924, upon sustaining a demurrer to the complaint, dismissing an action to foreclose local assessment liens. Reversed.

*O. Duncan Anderson* and *J. W. Dootson* (*Wright, Froude, Allen & Hilen, W. A. Wells,* and *Peters & Powell,* of counsel), for appellant.

*W. P. Bell, C. T. Roscoe, John C. Richards, Sherwood & Mansfield, M. H. Forde* and *Clarence J. Coleman,* for respondents Cooper et al.

*Lloyd L. Black,* for respondents Dearle.

*Herman Murray, John I. O'Phelan,* and *A. D. Gillies,* amici curiae.

BRIDGES, J.—A demurrer to the complaint was sustained. The plaintiff having elected to not further plead, judgment was entered dismissing the action. The question before us is the sufficiency of the complaint.

It alleges that the city of Everett had previously formed a local improvement district, made improvements therein and charged the cost thereof to the property in the district, and had issued bonds against the funds; that, as to certain designated lots, the assessments were delinquent, and that a large number of the bonds had not been paid and there was no money in the fund to pay them. It also alleged that, sometime prior to the commencement of this action, but after the local assessments had become delinquent, the treasurer of Snohomish county, in which the city of Everett is located, had issued to that county a general

certificate on account of delinquent taxes against the property involved in this action and that the county had previously brought suit to foreclose its certificate; that such foreclosure was had and, there being no bidders, the property was struck off to the county, and that subsequently it sold the property involved here to private individuals, who are the other defendants in the case. The complaint contained this further allegation:

"Said purported foreclosure, conveyances and sales were wholly void and ineffectual for any purpose whatsoever for the reason that no summons was served upon the then record owners of the premises above described, nor was any notice of any sale given to nor served upon the said record owners, nor was any copy of the complaint in said tax foreclosure served upon the treasurer of Everett, as by law provided. On account of the neglect and failure of said Snohomish county to make, serve and give the notice in said foreclosure, as hereinabove recited, neither this plaintiff nor the holders of bonds in said local improvement district had notice or knowledge of said tax foreclosure and sales."

The prayer is very broad; it seeks to have the county foreclosure declared void and the sale thereunder set aside, and also to vacate and set aside the sale and deeds which had been made by the county to the individual defendants, and to have the lien for local improvements adjudged a first lien on the property and superior to any rights of all the defendants; it also seeks foreclosure of the local improvement liens and to have the property sold free and clear of any interest whatsoever of any of the defendants.

The argument centers around the allegations in the complaint that the county's foreclosure was defective in that no notice of the sale thereunder was given the record owners and that no copy of the complaint was

served on the treasurer of the city of Everett, as it is claimed the law requires. The complaint anticipates the defense of the county and of the various private individuals to whom it had previously sold the lands. Manifestly, it was so drawn with a view of being able to finally determine certain legal questions by means of a demurrer to it. The county and the various defendants separately demurred. If we look at this question, as we must, from the viewpoint that originally the county had a senior and superior lien on this property, the questions involved will more readily lend themselves to solution.

(1) The appellant argues that, because the property owner was not given notice of the county sale, the whole proceeding was void. Section 11298, Rem. Comp. Stat. [P. C. § 6998], provides that, before the sale is had, the county treasurer ". . . shall notify the record owner . . . of the pending sale, . . ." We have held that, as against such owner, the sale is invalid unless this notice is given. *Riley v. Varian,* 123 Wash. 436, 212 Pac. 545. But this is an objection that can be raised only by the owner. The city of Everett was not the owner and does not represent him. So far as its interests are concerned, the sale was valid without the notice, which was intended to be for the protection of the owner. In so far as the city is concerned, the county foreclosure cut off all rights of the landowners, and the county's sale to the other defendants vested in them all the right, title and interest of the original owners of the property. It is as though a first mortgagee had foreclosed his mortgage by bringing into court the owner of the lands and other persons who might be interested therein, but not making the second mortgagee a party thereto. In that case the latter could not bring suit to foreclose his mortgage and therein seek to set aside and declare null and void

the foreclosure made by the first mortgagee and the sale thereunder. It would be simply an instance of a valid foreclosure without cutting off the interest of the second mortgagee. It is plain to us that, in so far as the complaint here seeks to set aside the county's foreclosure and the sales made by it to the other respondents, it fails to state a cause of action.

The question then arises as to whether the complaint states a cause of action for the foreclosure of the local assessment liens. This question is answered by the answer to the further question, viz.: Did the county's foreclosure adjudicate and cut off the city's local assessment lien? The respondents answer this query in the affirmative. This argument is based on § 11295, Rem. Comp. Stat. [P. C. § 6995], which is with reference to foreclosure by a county of certificates of delinquency for general taxes, and provides that in such an action ". . . the same proceedings shall be had as when [the certificates are] held by an individual: *Provided*, That summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls . . . and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein . . . and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceeding and of any and all steps thereunder." It is stated that the published summons as required by this section was sufficient to bring the city into the case. On the other hand, the appellant insists that its rights were not cut off by the county's foreclosure because its treasurer was not served with a copy of the complaint as required by § 9393, Rem. Comp. Stat. [P. C. § 1028], which

forms a part of our local assessment statutes and which, so far as material in this discussion, reads:

"The holder of any certificate of delinquency for general taxes shall, before commencing any action to foreclose the lien of such certificate pay in full all local assessments or installments thereof outstanding against the whole or any portion of the property included in such certificate of delinquency, or, he may elect to proceed to acquire title to such property subject to certain or all local assessments a lien thereon, in which case the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so state. . . .

"*In any action to foreclose any lien for general taxes upon any property a copy of the complaint shall be served on the treasurer of the city or town within which such property is situate within five days after such complaint is filed.* In any case where any property shall be struck off to or bid in by the county at any sale for general taxes, and such property shall subsequently be sold by the county, the proceeds of such sale shall first be applied to discharge in full the lien or liens for general taxes for which the same was sold, and the remainder, or such portion thereof as may be necessary, shall be paid to the city to discharge all local assessment liens upon such property, and the surplus, if any, shall be distributed among the proper county funds." [Italics ours.]

We have italicized the part upon which appellant particularly relies. The section last quoted became the law in 1911, and § 11295, in so far as it affects the questions involved here, became the law in 1901. It was amended in 1917, but only with reference to the price which should be charged for the publication of the summons.

It is our opinion that the two sections quoted must be read together, and that before the county's foreclosure can cut off the rights of the city as represent-

ing the liens of the local assessments, a copy of the complaint must be served on the city treasurer.

Respondents greatly rely on *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1. There the city of Tacoma had issued to certain individuals certificates of delinquency on account of certain local improvement assessments. Thereafter there was issued to the county of Pierce, in which Tacoma is located, certificates of delinquency based upon the general county and state taxes. This last certificate was foreclosed and the property bought in by the county and later by it sold into private hands. We held that that portion of § 9393, Rem. Comp. Stat., which requires the holder of any certificate of delinquency for general taxes to pay the prior delinquent assessments or foreclose subject thereto had reference only to foreclosure of certificates of delinquency issued to private individuals and not to certificates issued to the county. The reasons given were that it was manifest from a reading of the various statutes with reference to taxation that the lien of general taxes while in the hands of the county was in all respects senior to local assessments, and that it was not the intention of the legislature to hamper the operation of the county and state governments by requiring them to pay local assessments in order to collect their own taxes. That case did not involve the question here. Indeed, there the county actually served a copy of its complaint on the city treasurer.

Section 9393, Rem. Comp. Stat., is divided into two paragraphs. It is in the first that it is provided that the owner of a certificate of delinquency for general taxes shall either pay outstanding local assessments or foreclosures subject thereto, and it was this provision which in *Maryland Realty Co. v. Tacoma, supra,* we held applied only to private owners of certificates of

delinquency for general taxes and not to counties. It is in the second paragraph of the section that it is provided that, in any action to foreclose any lien for general taxes, a copy of the complaint must be served on the city treasurer. We are of the opinion that this second paragraph includes counties foreclosing certificates issued to them and requires that, in a foreclosure by the county, service of a copy of the complaint must be made on the city treasurer. That paragraph makes direct reference to county foreclosures and provides for the disposition of the moneys which come to the county as a result of the private sale of property which it shall buy in at the tax foreclosure sale. To hold that the provision with reference to serving notice on the city treasurer applies to individuals only and not to counties would be to substantially destroy the legislative purpose. No particular good could come from requiring only private holders of certificates to give the notice, because they must, in any event, either pay the local assessments or foreclose subject thereto; but to require the county to give notice to the city would serve a useful purpose because its foreclosure would have the effect of entirely cutting off the local assessments. If the county must give notice to the city, the latter is thereby given an opportunity to protect itself by paying the tax or defending against it.

It is, therefore, our opinion that the legislature intended that, in all foreclosures by the county of tax certificates of delinquency issued to them, they must serve notice on the city treasurer as provided in the second paragraph of § 9393, *supra*. This not having been done (according to the allegations of the complaint), the city's lien stands unadjudicated and it may maintain this action to enforce it.

(2) The respondent contends that, in any event, the judgment must be affirmed because the complaint fails to allege a tender of the taxes due the county, and that such a tender is a necessary preliminary to an action to foreclose a local assessment. This contention is based on § 956, Rem. Comp. Stat. [P. C. § 8075], which reads as follows:

"In all actions to enjoin the sale of any property for taxes, in all actions to enjoin the collection of any tax, and in all actions for the recovery of any property sold for taxes, the complaint must state and set forth specially in his complaint the tax that is justly due, with penalties, interest and costs, the tax alleged to be illegal, and point out the illegality thereof; that the taxes for that and previous years have been paid; and when the action is for the recovery of lands or other property sold for taxes against the person or corporation in possession thereof, that all taxes, penalties, interest, and costs paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered, and payment refused."

Appellant's action was one to foreclose a delinquent local assessment, and was not one for the recovery of lands or other property sold for taxes. It was not necessary under this section for the appellant to make a preliminary tender of taxes.

(3) It is contended by respondent Dearle that, since the present action was not instituted against him until more than three years after the date of the tax deed upon which he claims, he is barred by § 162, Rem. Comp. Stat. [P. C. § 8167], which provides that actions to cancel tax deeds must be instituted within three years from the date of the deed. Section 9394, Rem. Comp. Stat. [P. C. § 1029], provides as follows:

"An action to collect any special assessment or installment thereof, for local improvements of any kind, or to enforce the lien of any such assessment or installment, whether such action be brought by a municipal

corporation or by the holder of any certificate of delinquency, or by any other person having the right to bring such action, shall be commenced within ten years after such assessment shall have become delinquent, or within ten years after the last installment of any such assessment shall have become delinquent when said special assessment is payable in installments.''

This being an action for the foreclosure of a special assessment, and being brought within ten years after the last installment becomes delinquent, so far as the city of Everett is concerned, its right to foreclose is the same as though there had been no foreclosure and sale by the county. Section 162, *supra,* is applicable to actions to cancel tax deeds.

We think the complaint states a cause of action for the foreclosure of the lien of the local assessments, and that the court erred in sustaining a demurrer thereto and entering judgment. The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

MITCHELL, FULLERTON, and MAIN, JJ., concur.

## ON REHEARING.

[*En Banc.* July 15, 1925.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein. The judgment of the superior court is therefore reversed, and the cause remanded with directions to overrule the demurrer.

PARKER, J. (dissenting)—I am not at all satisfied with the disposition by the Department decision upon the question of the right of the city to foreclose being barred by § 162, Rem. Comp. Stat. [P. C. § 8167], which reads:

''Actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of

lands for general, state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, must be brought within three years from and after the date of the issuance of such treasurer's deed: Provided, that this section shall not apply to actions not otherwise barred on deeds heretofore issued if the same be commenced within one year after the passage of this act." ·

By the allegations of the second amended complaint, the one here on review, it appears that the tax deed in question was issued on July 24, 1920. The original complaint in this action seems to have been filed in November, 1922, though as to that the record before us is not at all certain; nor are we advised as to whether or not Dearle and wife were named as defendants therein, that complaint not being before us. There is in the record as brought here a summons seemingly issued upon the filing of the original complaint. Dearle and wife are not named as defendants therein, unless they be included in the words "all other persons or parties unknown, claiming any right, title, estate, lien or interest in the real estate described therein." This summons was filed November 1, 1922. There seems to have been a first amended complaint filed in the action. As to when that occurred, this record does not advise us; that complaint not being brought here, we are not advised as to whether or not Dearle and wife were named therein as defendants. There is in the record brought here proof of service of summons by publication upon Dearle and wife and certain other defendants as being made in January and February, 1924; that summons seemingly having been issued upon the first amended complaint. So far, therefore, we are not certainly advised when the action was commenced against Dearle and wife, having in mind that the filing of a complaint against Dearle and wife would be the commencement of the action against them.

We note these facts to show how we would be groping in the dark to find the time of the commencement of this action as against Dearle and wife should we look in the record before us, beyond what appears upon the face of the second amended complaint, the only complaint before us and the one to which Dearle and wife have demurred upon the ground, among others, "that the action as to or against E. W. Dearle and wife has not been commenced within the time limited by law." This second amended complaint was served upon counsel for Dearle and wife and filed in the action on November 17, 1924, to which they responded by serving and filing their demurrer on March 22, 1924. Nothing appears upon the face of the second amended complaint, even though it be read in the light of other portions of the record before us, telling us when this action was commenced as against Dearle and wife.

My first objection to that portion of the Department's decision touching the question of the city's right of foreclosure being barred by the provisions of § 162 is, that this record does not furnish any fact basis for deciding this question at this time; that is, it does not appear upon the face of the second amended complaint, even though read in the light of other portions of the record before us, that the action was not commenced as against Dearle and wife within three years following the issuance of the tax deed upon which their claim of title rests. Therefore, I think that portion of the Department's decision ought to be expunged and the question of the action being barred under § 162 left undecided by us at this time. This would leave the question of the action being barred open to be yet raised in some appropriate manner.

Now, assuming, for the sake of argument, that three years elapsed after the issuance of the tax deed upon which the claim of title of Dearle and wife rests, prior

to the commencement of this action against them, as they contend and the Department decision seems to assume, my second objection to that portion of the Department decision is that it erroneously announces the law. This court has repeatedly given full force and effect to the limitation provision of § 162, holding that such a tax deed three years old becomes unassailable, even though the irregularities attending the foreclosure proceedings upon which it rests amount to jurisdictional defects. In *Huber v. Brown,* 57 Wash. 654, 107 Pac. 850, Judge Gose, speaking for the court touching the effect of §162, that action being to vacate a tax foreclosure judgment and a deed issued in pursuance thereof, said:

"The point is made that the published summons and the affidavit upon which it is based are so defective that the court did not acquire jurisdiction, and that the judgment is therefore void, and that a tax deed based upon a void judgment is not within the protection of the statute. This is no longer an open question in this state. A like question was made in *Hamilton v. Witner,* 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921, and in *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166. In the *Lara* case we said:

" 'Whatever the rule may be in other jurisdictions, it is firmly established in this state that a void tax deed may constitute a sufficient basis for the running of the statute of limitations.'

"In these cases the court was considering the seven-year statute of limitations, but we do not conceive that a different principle should obtain in applying the provisions of the act of 1907, which is special to tax deeds and general in its terms. Its purpose was to foreclose investigation as to the validity of the proceedings leading up to the judgment unless challenged within the time limited by the act. The precise question was raised in *Cordiner v. Dear,* 55 Wash. 479, 104 Pac. 780. Whilst this question was not discussed in the opinion, it was assumed that the law was settled in this juris-

diction adversely to the appellant's contention. The act of 1907 would serve no purpose if limited to deeds executed on sales regularly made upon valid judgments only. Such deeds need no legislative aid.''

The act of 1907 there mentioned is § 162 above quoted, that being the whole of the act. Laws of 1907, p. 398. In *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082, Judge Crow, speaking for the court touching the rights and duties of those claiming an interest in taxed property, said:

''They knew the law, and must have been aware of the fact that nonpayment for such a length of time would cause a loss of their land by tax foreclosure and sale. By their present contentions they seek to avoid the effect of the statute of limitations by questioning the validity of the tax judgment. This they cannot now do. If the judgment was valid and the tax deed was regular, there would be no need of the statute, which was enacted for the manifest purpose of securing prompt action by parties wishing to set aside or cancel tax deeds.''

Among our later decisions steadfastly adhering to this view of the effect of § 162, we note: *Fleming v. Stearns,* 66 Wash. 655, 120 Pac. 522; *Savage v. Ash,* 86 Wash. 43, 149 Pac. 325; and *Porter v. Burkley,* 112 Wash. 282, 191 Pac. 799.

To avoid the effect of these repeated holdings it is argued, and the Department decision holds in substance, that this is not an action to set aside or cancel the tax deed upon which the title of Dearle and wife rests. I cannot agree with this view of this action. To my mind, it is, in substance, plainly such an action, though it may not seem to be so in form.

Let it be remembered that whatever title Dearle and wife possess is a paramount title created as by a direct grant from the state, as all general tax titles are when rested upon general tax foreclosure by counties; that

is, a title which completely extinguishes all interests legal, equitable or lienable, in, to or upon the property. This has been so many times held by this court that a mere citation of some of our decisions so announcing the law is sufficient here. *Gustaveson v. Dwyer,* 78 Wash. 336, 139 Pac. 194; *Sparks v. Standard Lumber Co.,* 92 Wash. 584, 159 Pac. 812; *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1; *Collins v. Spokane,* 123 Wash. 156, 212 Pac. 150.

I concede that this paramount title is subject to be defeated within the three-year limitation prescribed by § 162 at the suit of one having an interest in the property prior to the expiration of that period, who is able to show such irregularities in the foreclosure proceedings as entitled him to have the foreclosure judgment and the deed set aside; and I concede, for present purposes, that within that period such irregularities as the Department decision holds available to the city were sufficient to defeat the title of Dearle and wife. But I am nevertheless strongly of the opinion that, upon the expiration of that three-year period, subject to some possible exceptions with which we are not here concerned, the paramount title evidenced by a tax deed rested upon a general county tax foreclosure becomes absolutely unassailable. In other words, after the expiration of that period, defects in the tax foreclosure proceedings, though jurisdictional, are no longer available as grounds for setting aside the tax deed. Let us remember in this connection that the tax deed upon which the title of Dearle and wife rests evidences a title acquired by the county, and in turn by them, after the acquiring by the city of the local assessment lien it seeks to foreclose. Notwithstanding this action is in form a foreclosure action, it manifestly is also, in legal effect, an action to set aside the fore-

closure and the tax deed issued in pursuance thereof. Plainly, the city is seeking to entirely avoid the effect of the tax foreclosure and deed and to sell all of the rights of Dearle and wife acquired thereby, in satisfaction of the city's claimed local assessment lien. The only real success which can come to the city in this action, which can be of any avail to it, is the decreeing the tax title as not being a paramount title. This, to my mind, makes the action in legal effect one to set aside the tax deed.

The allegations of the city's second amended complaint is, among other things, that the tax foreclosure proceedings and deed issued in pursuance thereof "were wholly void and ineffectual for any purposes whatever," followed by statement of facts disclosing defects in the tax foreclosure proceedings; and the prayer is, among other things, "that the said purported tax foreclosures and tax sales conducted or caused to be made by the defendant Snohomish county as hereinbefore specifically described, be adjudged and decreed to be null and void, and that the lien of local improvement district No. 250 be established as a first and paramount lien upon all the property described therein." Our decision in *Porter v. Burkley,* 112 Wash. 282, 191 Pac. 799, was not in form an action to set aside a tax deed. That case was in form an ordinary mortgage foreclosure; yet foreclosure was denied because of the after-acquiring by one of the defendants of a paramount tax title, perfected and rendered unassailable by the three-year limitation prescribed by § 162. It is true the question of whether or not that was, in legal effect, an action to set aside a tax foreclosure and the deed issued thereunder was not specifically raised or discussed in that case; but it seems to me that that action was, as this is, plainly, in legal effect, an action

to set aside a tax foreclosure and the deed issued thereunder. There, manifestly as here, the plaintiff could not succeed in its attempted foreclosure because of the after-acquired paramount, and by the lapse of time under § 162 unassailable, tax title. It is the substance and not the form of the action which becomes determinative of its nature.

The seeming holding of the Department decision that it is the ten-year limitation relating to the commencement of actions for the foreclosure of local assessment liens which is here controlling, rather than the three-year limitation prescribed by § 162, it seems to me, is illogical. It is true that the city has ten years within which to commence its action to foreclose its local assessment liens; but that, to my mind, does not in the least argue that its lien right may not be cut off in the meantime by a decree of the court rendered in a general tax foreclosure proceeding by the county, out of which a new and paramount title is created upon the issuance of a tax deed, which paramount title becomes unassailable upon the expiration of the three-year limitation prescribed by § 162. In other words, the fact that the city has ten years within which to bring an action to foreclose its local assessment lien, surely does not mean that it cannot in the meantime be cut off by the foreclosure of a superior general tax lien. That is what has been done by this general tax foreclosure and the tax deed issued in pursuance thereof, and the expiration of the three-year limitation under § 162 has absolutely cured all defects in that foreclosure, even though they be jurisdictional.

My conclusion, therefore, is, first, that there is no basis in fact warranting this court in now entertaining the question of the effect of the three-year limitation prescribed by § 162, and that the portion of the Department decision touching that subject should be ex-

punged and that question left open in this case; and second, that in so far as that portion of the decision holds that this is not in legal effect an action to set aside a tax foreclosure and tax deed, it announces an erroneous view of the law. If the decision of the Department is to prevail upon the assumption that the three-year period of limitation prescribed by § 162 expired before the commencement of this action, then it should be overruled, and the demurrer of Dearle and wife upon the ground that the action was not commenced within the time prescribed by law as to them should be sustained.

As to the view of the majority that tender to Dearle and wife of the amount of unpaid taxes for which the tax foreclosure was had should have been made as a prerequisite to the city's right to commence this action, I yield to the opinion of my brethren; but I am of the opinion that the question of the trial court by its decree finally requiring such payment as a condition precedent to the local assessment foreclosure, should such foreclosure be ultimately awarded, should be left open for future determination.

Holcomb, J. (dissenting)—I concur with Parker, J., as to respondents Dearle. See, also, *Loveless v. Chehalis, ante* p. 33, 233 Pac. 301.

Askren, J., concurs with Holcomb, J.