[No. 19501.    Department Two.    March 29, 1926.]

FIRST NATIONAL BANK OF EAST PALESTINE *et al.*, *Respondents*, v. THE CITY OF PASCO *et al.*, *Defendants*, ZOLLIE JAYNE *et al.*, *Appellants.*[1]

[1] TAXATION (151)—FORECLOSURE OF LIEN—NOTICE—SERVICE. Under Rem. Comp. Stat., § 9393, requiring that a copy of the complaint in general tax foreclosures should be served on the city treasurer within which the property is situate, within five days after it is filed, the time of such service is not of the essence of the proceeding; in view of Id., § 11295, under which jurisdiction of the city is obtained by publication of the summons; so that a copy served a few days after the expiration of the five days does not invalidate the foreclosure, where the purpose of the act was accomplished and no prejudice resulted.

[2] APPEAL (265)—RECORD—INCORPORATING EVIDENCE—NECESSITY. A statement of facts is not necessary to show what rights were adjudicated, when that is shown by the findings of fact.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered May 26, 1925, upon findings in favor of the plaintiff, in an action on contract tried to the court. Reversed.

*Driscoll & Horrigan,* for appellants.

*Chas. W. Johnson, Shorts & Denny,* and *C. R. Hovey,* for respondents.

MAIN, J.—The plaintiff brought this action to foreclose certain local improvement bonds. After the action was instituted, F. A. Carraci intervened and sought foreclosure of bonds of the same issue, owned by him, but of a different number. The cause was tried to the court without a jury, and resulted in findings of fact and a judgment sustaining the claimed right of the plaintiff and intervener. From this judgment, the defendants Zollie Jayne and wife appeal.

[1]Reported in 244 Pac. 975; 246 Pac. 304.

No statement of facts or bill of exceptions has been brought to this court, and therefore the inquiry must be limited as to whether the findings support the judgment.

In the year 1912, the city of Pasco, in Franklin county, created a local improvement district for the purpose of constructing concrete sidewalks. Within this district is situated the property now owned by the appellants. For the purpose of paying for the improvement, bonds were issued which are now owned by the respondents. After the bonds were issued, the general taxes on the property became delinquent and a certificate was issued to the county therefor. In time, these were foreclosed by the county, a deed issued to it, and thereafter the property here involved was conveyed by the county to the appellants or their predecessors in interest. In the foreclosure of the certificate of delinquency by the county, the complaint was filed on July 24, 1918, but a copy of the complaint was not served on the treasurer of the city of Pasco until August 6, 1918. The publication of summons by the county was commenced on August 16, 1918, in which summons the city of Pasco was named as a defendant.

[1] The only defect, in the foreclosure proceeding by the county for the delinquent general taxes, was the failure to serve a copy of the complaint upon the treasurer of the city of Pasco within five days after the complaint was filed. The question is whether, for this reason, that proceeding was fatally defective.

Rem. Comp. Stat., § 9393, in part provides that:

"In any action to foreclose any lien for general taxes upon any property a copy of the complaint shall be served on the treasurer of the city or town within which such property is situate within five days after such complaint is filed."

The statute makes no provision as to what shall be the effect, in the event that a copy of the complaint is not served within the time specified. In *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1, it was held that the foreclosure by the county of a lien for general taxes eliminated the lien for local improvement, and that a subsequent purchaser from the county took title free and clear of the local improvement lien. In *Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317, it was held that a county tax foreclosure does not cut off local improvement assessment liens, unless a copy of the complaint is served upon the treasurer of the city as required by § 9393 of the statute, *supra.* It was there said:

"It is, therefore, our opinion that the legislature intended that, in all foreclosures by the county of tax certificates of delinquency issued to them, they must serve notice on the city treasurer as provided in the second paragraph of § 9393, *supra.* This not having been done (according to the allegations of the complaint), the city's lien stands unadjudicated and it may maintain this action to enforce it."

In that case, the question as to what would be the effect if the copy of the complaint was not served upon the treasurer of the city within five days, but within a time so soon thereafter that no prejudice could have resulted, was not involved or discussed. It follows, from the holding in that case, that the requirement that a copy of the complaint be served is mandatory. The precise question here is, whether the requirement that it be served within five days is also mandatory. If it is of the essence of the proceeding that the copy be served within five days, then that is a mandatory provision. If it is not of the essence of the proceeding, the provision as to time may be directory and not a limitation of authority. In many cases the precise

time when an act is to be done is not of the essence of the proceeding. In R. C. L., vol. 25, p. 767, it is said:

"In statutory proceedings every act which is jurisdictional or of the essence of the proceeding or prescribed for the benefit of the party affected is mandatory. . . . In many cases the precise time when an act is to be done is not of the essence. Where a statute directs the doing of a thing in a certain time without any negative words restraining the doing of it afterwards, the provision as to time is usually directory, and not a limitation of authority."

As above noted, the statute which we are now considering does not contain any negative words restraining or making ineffective the service of the copy of the complaint after the expiration of five days. Under the facts as above stated, it appears that the city treasurer was served with a copy of the complaint within a few days after the five days had expired, and prior to the time of the first publication of the summons.

Section 11295, Rem. Comp. Stat., among other things, provides that in a tax foreclosure by the county "summons may be served or notice given exclusively by publication in one general notice describing the property as the same is described on the tax-rolls." It was by virtue of the published summons that Franklin county in its foreclosure acquired jurisdiction of the city of Pasco. The further requirement as to notice by serving of a copy of the complaint upon the treasurer of the city is that the city is thereby, as stated in *Everett v. Morgan, supra,* "given an opportunity to protect itself by paying the tax or defending against it." In *Timmerman v. McCullagh,* 55 Wash. 204, 104 Pac. 212, it was held that a county tax foreclosure of a general delinquency certificate was not void because the summons for publication incorrectly stated the date of the certificate. It was there said:

"The statute regulating the proceedings for the enforced collection of taxes is largely directory, and such proceedings are sufficient where they substantially comply with the statute. The requirement that the date of the certificate be given is for the purpose of description only, furnishing an additional aid by which it can be discovered and identified by the owner of the property in his search of the court proceedings. It is not essential to the jurisdiction of the court that the date be correctly given, and so long as the omission or misstatement does not mislead the owner, depriving him of some right which he otherwise would have, it is too much to say that it is fatal to the entire proceedings. In this case there is nothing tending to show that the owners were misled in any manner by this misstatement in the notice. In fact there is no claim of this kind. Counsel argue that its omission is fatal because the statute gives it as one of the recitals the summons shall contain. But the statute itself makes it clear that no such fatality should follow its omission."

[1] In the present case we are of the opinion that, since the copy of the complaint was served only a few days after the expiration of the five days mentioned in the statute, and prior to the time of the first publication of the summons, the purpose of the statute was accomplished. There is no showing of prejudice resulting from the failure to serve a copy of the complaint within five days after it was filed. The provision of the statute requiring that a copy be served upon the city treasurer within five days after the filing thereof, we think should be held to be directory, and not mandatory. That requirement is not of the essence of the proceeding.

The cases of *Deming Investment Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049, and *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 Pac. 391, deal with another statute

and are therefore not controlling. In those cases, it was held that it was necessary to serve a summons within ninety days after the filing of the complaint, as provided in § 321, Rem. Comp. Stat., and that service of a summons thereafter was the commencement of a new action dating from the date of service. Those cases have to do with the matter of process by which jurisdiction is obtained. In the present case, as pointed out, jurisdiction of the city was obtained by the publication of the summons, and the requirement for the service of a copy of the complaint within five days was to enable the city to protect its interests. In those cases, the requirement that the summons be served within ninety days after the complaint was filed was of the essence of the proceeding.

The respondents make the further point that, without a statement of facts, it is impossible to determine whether or not the judgment in the county foreclosure proceeding adjudicated the rights of the respondents, or whether the judgment entered in that case was authorized by the court. The answer to this is found in the findings in the present case, where it is said, after stating the defect as to the time when the copy was served upon the city treasurer, "that said foreclosure proceedings were in all other respects regular and valid."

The judgment will be reversed and the cause remanded with directions to dismiss the proceeding.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.

ON PETITION FOR REHEARING.

[Department Two.  May 28, 1926.]

PER CURIAM.—In the petition for rehearing in this case, among other things, it is claimed that the direc-

tion given in the opinion as to the disposition of the action is too broad. To this extent the petition is supported by stipulation. The direction given in the opinion was that the proceeding be dismissed. This, of course, would only affect the parties who were before this court upon the appeal, and could not affect other parties who were defendants in the superior court and did not appeal from the judgment entered. However, since the parties desire that the language of the opinion be made more specific, the last clause in the opinion will be amended as follows:

"The judgment will be reversed and the cause remanded with direction to the superior court to dismiss the proceeding only as to the appellants Zollie Jayne and wife."

In other respects the petition for rehearing will be denied.