[No. 20198.    Department One.    March 30, 1927.]

WILLIAM D. PERKINS, *Respondent*, v. CITY OF KENNEWICK *et al., Respondents*, E. I. MITCHELL *et al., Interveners-Appellants.*[2]

Appeal from a judgment of the superior court for Benton county, Truax, J., entered February 23, 1926, upon sustaining a demurrer to the affirmative defense of intervenors, in an action to foreclose local assessment liens. Affirmed.

*M. M. Moulton*, for appellants.
*Chas. W. Johnson*, for respondents.

FRENCH, J.—The plaintiff as holder of local improvement district bonds issued by the city of Kennewick brought this action to foreclose the lien of local improvement assessments levied for the payment thereof.

[1]Reported in 254 Pac. 457.
[2]Reported in 254 Pac. 458.

The appellants own property situated in the improvement district. They were not made parties to the action, but intervened as defendants. The plaintiff demurred to the intervenors' affirmative defense, the demurrer was sustained, and the intervenors elected to stand on their affirmative answer.

The following seem to be the admitted facts:

The assessment roll of local improvement district No. 16 was approved by the city council of the city of Kennewick on November 22, 1916. The land of the appellants was included in that assessment roll and the assessments became delinquent and were certified to the county treasurer on March 10, 1924. General taxes for the year 1913 against the property became delinquent, a certificate of delinquency was issued to Benton county in June, 1919, foreclosure was instituted resulting in a judgment of foreclosure in October, 1919, and the property conveyed to Benton county by treasurer's deed in 1919. It is admitted that the county complied with all the requirements of the law governing the foreclosure of certificates of delinquency, with the exception that the county did not serve the treasurer of the city of Kennewick with its complaint.

Thereafter, and in the latter part of 1921, Benton county sold the lands in question, and through sundry conveyances the intervenors have now become the owners thereof.

The issues raise the question of the constitutionality of § 40, ch. 98, Laws of 1911, being Rem. Comp. Stat., § 9393 [P. C. § 1028], and further question as to the three-year statute of limitations. Both these questions have heretofore been decided by this court. In *Holzman v. Spokane*, 91 Wash. 418, 157 Pac. 1086, this court said:

"We conclude that § 40 of the local improvement law of 1911 is a valid portion of the law, . . . and that the constitutional requirement as to amendments of existing laws was not violated in its enactment in this form."

In the later case of *Everett v. Morgan*, 133 Wash. 225, 233 Pac. 317, involving again a consideration of this same section of the law, the very questions raised by appellants here were decided adversely to them. It is true that the *Everett* case was decided by a divided court, but every question raised by appellants in this case seems to have been considered.

Counsel for appellants seem to concede that unless the cases above cited are modified that they are controlling.

On the doctrine of *stare decisis*, the judgment of the lower court is affirmed.

MACKINTOSH, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.