[No. 23374. Department Two. February 26, 1932.]

I. R. WILBUR, *Respondent,* v. D. A. VAN VECHTEN, *Appellant.*[1]

*Peters, Evans & McLaren,* for appellant.
*Meyers & Couden,* for respondent.

HOLCOMB, J.—Respondent instituted this action, as the owner and holder of a number of bonds issued years ago by the town of Tolt, the name of which town was changed to Carnation and now renamed Tolt, in

[1]Reported in 8 P. (2d) 426.

King county, against a local improvement district theretofore established by the town, to foreclose certain alleged delinquent local assessments which had been levied by the town in connection with this special improvement. Appellant was made a defendant because of his record ownership of certain lots in the improvement district on which assessments were still unpaid and delinquent. The facts are not in conflict, and may be briefly stated as follows:

In the early part of 1924, King county conducted a general tax foreclosure proceeding which resulted in these lots being acquired by King county at the tax foreclosure sale. The town of Tolt was not named as a defendant, and no summons or complaint was served upon its treasurer at any time before judgment.

In April, 1924, after such tax foreclosure sale, King county conveyed the twenty-four lots in controversy, and fifteen others, to appellant, who bid them in, by county treasurer's deed. Appellant paid King county $990 for the property, of which $606.13 went to King county on account of its general taxes, and the balance of $319.87 went to the local improvement fund of the town. Since that time, appellant has paid taxes on the property from year to year, in reliance upon his supposed unencumbered title, in the total sum of $254.84. The tax deed recites that the sum of $319.87 had been paid over to the town of Tolt in full liquidation of all local assessment liens theretofore existing against any of the lots. Appellant continued to pay taxes on all these lots, under the belief that his title was unencumbered, until the commencement of this action in May, 1929.

Previously, the same plaintiff (respondent) had instituted another foreclosure action against the same local improvement district in November, 1924, which he allowed to pend until a judgment of foreclosure was

entered in November, 1925. In that former action, the same counsel appeared for plaintiff as appeared here. The property now in controversy was omitted from the first foreclosure, for the reason, as stated by counsel for respondent as a witness in this case, that he had some doubt that the local assessment lien as to these lots had been destroyed by the general tax foreclosure sale theretofore conducted by King county.

This doubt of counsel for respondent was removed by the decision of this court in *Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317, 237 Pac. 508, decided in March, 1925. It was there decided that, unless a copy of the complaint in a county tax foreclosure action was served upon the town treasurer, the foreclosure proceedings would not operate to destroy any local assessment lien which the town might have levied against the property in question.

Appellant alleged a number of affirmative defenses, but of these he is now urging only the following:

(1) The three year statute of limitations, as controlling in suits attacking a tax title, under Rem. Comp. Stat., § 162.

(2) Laches on the part of respondent in standing by during a period since 1924 and allowing appellant to continue to pay taxes upon the property in the belief that his title was cleared of any local assessment liens, as recited in the deed by which King county had conveyed him the property.

(3) As an alternative defense, the appellant contends that, if neither of the foregoing defenses be sustained, then he should be subrogated to the position held by King county, namely, the holder of a general tax lien prior to the assessment lien herein sought to be foreclosed, for the full amount that he has paid to King county by way of taxes, aggregating $254.84, with interest on each amount at the legal rate of six

per cent per annum from the date of the respective payments, which amounts to $300.33.

The trial court refused to sustain any of the contentions of appellant, entered a judgment foreclosing the local assessment liens against the lots owned by appellant, and this appeal results.

■ Appellant first invokes the provisions of § 162, *supra*, which, in brief, requires actions to set aside or cancel the deed of any county treasurer issued after and upon the sale of lands for general state, county or municipal taxes, or for the recovery of lands sold for delinquent taxes, to be brought within three years from and after the date of the issuance of such treasurer's deed.

Appellant admits that this contention was rejected in *Everett v. Morgan, supra,* but argues that, since no vested rights have accrued to anyone in reliance upon that decision, it should be overruled as erroneous.

On the contrary, the rule of that decision has become *stare decisis.* It has been affirmed and reaffirmed repeatedly. *First National Bank of East Palentine v. Pasco,* 138 Wash. 309, 244 Pac. 975, 246 Pac. 304; *State ex rel. Spokane v. Degraff,* 143 Wash. 326, 255 Pac. 371; *Perkins v. Kennewick,* 143 Wash. 691, 254 Pac. 458; *Tacoma v. Fletcher Realty Co.,* 150 Wash. 33, 272 Pac. 43.

Under these decisions, it has now become well settled that the purchaser at a tax foreclosure sale, where the city or town has not been regularly served as provided in Rem. Comp. Stat., § 9393, takes title subject to unpaid local improvement assessments.

Consequently, the first contention of appellant is untenable.

■ Although the instant case is undoubtedly one of considerable hardship upon appellant, we cannot agree with the contention that respondent is guilty of laches

in remaining idle as to the property of appellant in controversy from November, 1924, until the present action was begun. Rem. Comp. Stat., § 9394, which is the same as it was when the former cases were decided, gives the right to enforce such assessment liens, both to the municipal corporation creating them, or any other person having a right to begin such action, within ten years after the last installment of such assessments shall become delinquent. Rem. Comp. Stat., § 9404, authorizes any number of owners of property on which the bonds are a lien to be joined as defendants in such suits.

The result is that, under these statutory provisions and our decisions, respondent had a legal right to commence his foreclosure at any time within ten years, and a statutory right to make any number of owners of the property on which the bonds are a lien defendants in such suits. One is not required to bring all of them in in one action, and violates no legal duty in not doing so.

Since appellant simply paid taxes after receiving the tax title on the lots to which he holds title, which taxes were presumably imposed for the support of the government and therefore for his benefit and protection, we can see no ground for the application of any principle of laches nor for any subrogation to the rights of King county for these subsequently paid taxes.

In *Tacoma v. Fletcher Realty Co., supra,* it was held that, even when the payment is made by the purchaser of the land at tax foreclosure sale conducted by the county itself, in exact compliance with the second paragraph of § 9393, *supra,* the purchaser takes it subject to the assessment lien. We can see no theory whatever on which appellant should be allowed to be subrogated to the right of King county for subsequent

taxes paid by him solely as owner. There never was any relation of lien holders of different ranks created by the sale by King county as between it and the owner, who, at all times since, has been appellant. Hence, we find it useless to discuss the many cases cited by appellant as to the application of the right of sub-rogation under a variety of circumstances in the cases cited.

We can see no way by which appellant can obtain any relief under our law.

The judgment is affirmed.

TOLMAN, C. J., MILLARD, MAIN, and BEALS, JJ., concur.